ODIS DELMA JOHNSON v. NORTH CAROLINA DEPARTMENT OF TRANS-
PORTATION

No. 8310IC1253

(Filed 16 October 1984)

**Appeal and Error § 6.6— dismissal of claim without prejudice—premature appeal**

> An Industrial Commission order which dismissed plaintiff's tort claim without prejudice so that plaintiff can file a new action based on the same claim within one year of the Commission's order is interlocutory and not immediately appealable.

APPEAL by defendant from the Industrial Commission. Order entered 29 August 1983. Heard in the Court of Appeals 21 September 1984.

This is an action under the State Tort Claims Act. The plaintiff filed an affidavit in which he alleged that the North Carolina Department of Transportation had sprayed chemicals on weeds along Interstate Highway 95, which chemical spray had drifted into his field and damaged his potato plants. A hearing was held before Deputy Commissioner Dianne C. Sellers who found that neither in the affidavit nor the evidence presented did the plaintiff set forth the name of the employee alleged to have been negligent which allegation is necessary to recover. She concluded that based on the pleadings and the evidence when viewed in the

light most favorable to the plaintiff the plaintiff was not entitled to recover. She ordered that the claim be dismissed.

The plaintiff appealed to the Full Commission which amended Deputy Commissioner Seller's order to provide that the claim be dismissed without prejudice so that the plaintiff could file a new action based on the same claim within one year of the Commission's order.

The defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General George W. Lennon for the defendant appellant.*

*Ben E. Roney, Jr., for plaintiff appellee.*

WEBB, Judge.

We first consider the appealability of the order of the Industrial Commission. An appeal does not lie from an interlocutory order unless such order affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment. *Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979). The appellants argue first that this rule does not apply because the order of the Industrial Commission is a final judgment. The case was not remanded to the deputy commissioner and any further proceedings must be brought with new pleadings and a new docket number. The appellant contends that the case has been concluded and an appeal from the final judgment should be allowed. We believe that to hold that any claim brought on the same facts as were alleged in this case is a different case would be to exalt form over substance. If the plaintiff brings another action based on the same facts as those on which this case is based it will be a continuation of this case. That being so, the order of the Industrial Commission is not a final judgment disposing of the case.

If the order of the Industrial Commission is not a final judgment, the question is whether the defendant will suffer an injury if what it contends is the error of the Industrial Commission is not corrected before an appeal from a final judgment. We have held that the fact that a party must go through a trial before appealing from a pretrial order affecting a substantial right does

Johnson v. N. C. Dept. of Transportation

not give him the right to an immediate appeal. *State v. Jones*, 67 N.C. App. 413, 313 S.E. 2d 264 (1984). We can think of no injury to the defendant in this case if a new claim is filed other than having to try the case again if it is not now allowed to appeal. For this reason we hold that the appeal should be dismissed.

Appeal dismissed.

Judges BRASWELL and EAGLES concur.