BRENDA HARVEY, Employee, Plaintiff v. CEDAR CREEK BP, Employer, and
CASUALTY RECIPROCAL EXCHANGE, Carrier, Defendants

No. COA01-25

(Filed 16 April 2002)

**Workers' Compensation— involuntary dismissal for failure to
prosecute—dismissal with prejudice—abuse of discretion**

The full Industrial Commission did not err by vacating an
order by the deputy commissioner dismissing plaintiff's workers'
compensation claim and a subsequent order by the executive sec-
retary allowing defendants' motion to strike plaintiff's request for
a hearing based on an abuse of discretion by the deputy commis-
sioner, because: (1) the involuntary dismissal of plaintiff's claim
entered by the deputy commissioner upon plaintiff's failure to
prosecute, which does not mention whether it was entered with
or without prejudice, must be construed as having been entered
with prejudice; and (2) the dismissal with prejudice terminated
plaintiff's exclusive remedy when other lesser sanctions were
appropriate and available.

Appeal by defendants from order filed 17 August 2000 by the
North Carolina Industrial Commission. Heard in the Court of Appeals
4 December 2001.

*Maxwell & Melvin, by Stephen R. Melvin, for plaintiff-appellee.*

*Young Moore and Henderson, P.A., by Joe E. Austin, Jr., and
Tina Lloyd Hlabse, for defendant-appellants.*

GREENE, Judge.

Cedar Creek BP and Casualty Reciprocal Exchange (collectively,
Defendants) appeal an order filed 17 August 2000 by the Full
Commission of the North Carolina Industrial Commission (the
Commission) vacating: (a) an order by the deputy commissioner dis-
missing a workers' compensation claim by Brenda Harvey (Plaintiff)
and (b) a subsequent order by the executive secretary allowing
Defendants' motion to strike Plaintiff's request for a hearing.

On 19 May 1995, Plaintiff, an employee of Cedar Creek BP, filed a
workers' compensation claim, alleging she had injured her foot when
she fell at work. Plaintiff submitted a Form 33 dated 13 October 1998
requesting her claim be assigned for hearing before a deputy com-

missioner. A hearing was scheduled for 15 November 1999; however, neither Plaintiff nor her attorney appeared before the deputy commissioner on that date. When Defendants moved for a dismissal of Plaintiff's workers' compensation claim with prejudice, the deputy commissioner entered an order filed 22 November 1999 dismissing Plaintiff's claim without stating whether he was doing so with or without prejudice.

In a second Form 33 dated 19 January 2000, Plaintiff again requested her claim be assigned for a hearing. Defendants responded by filing a motion dated 3 March 2000 requesting Plaintiff's Form 33 be stricken. In an order filed 27 March 2000, the executive secretary granted Defendants' motion, noting the deputy commissioner had dismissed Plaintiff's claim with prejudice. On 3 April 2000, Plaintiff appealed this order to the Commission. In an order filed 17 August 2000, the Commission vacated both the deputy commissioner's dismissal of Plaintiff's claim and the executive secretary's order striking Plaintiff's request for a hearing on the grounds that: (1) no statutory authority for the dismissal of Plaintiff's claim existed at the time of the hearing on 15 November 1999; and (2) in the alternative, "the dismissal of [P]laintiff's claim terminated [her] exclusive remedy when other lesser sanctions were appropriate and available" and therefore constituted an abuse of discretion.

---

The dispositive issue is whether the deputy commissioner's dismissal of Plaintiff's claim was with or without prejudice.

We first note that even prior to the enactment of Workers' Compensation Rule 613(1)(c),[1] the Industrial Commission, which includes the deputy commissioner, had the inherent authority to dismiss a claim with or without prejudice for failure to prosecute. "[T]he Industrial Commission possesses such judicial power as is necessary to administer the Workers' Compensation Act." *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 138, 337 S.E.2d 477, 483 (1985); N.C.G.S. § 97-83 (1999). One of the powers inherent in the courts and thus also in the Industrial Commission is the "power of the court to dismiss a case for want of prosecution." *Swygert v. Swygert*, 46 N.C. App. 173, 178, 264 S.E.2d 902, 905, *appeal dismissed*, 270 S.E.2d 116 (1980). Accordingly, the Commission, in falsely believing the

---

1. Rule 613(1)(c) was enacted in June 2000 and provides: "Upon proper notice and an opportunity to be heard, any claim may be dismissed with or without prejudice by the Industrial Commission on its own motion or by motion of any party for failure to prosecute or to comply with these Rules or any Order of the Commission." Workers' Comp. R. N.C. Indus. Comm'n 613(1)(c), 2002 Ann. R. N.C. 770.

**HARVEY v. CEDAR CREEK BP**

[149 N.C. App. 873 (2002)]

Industrial Commission lacked such authority, erred in setting aside on this basis the orders by the deputy commissioner and the executive secretary.

With respect to an involuntary dismissal, N.C. Gen. Stat. § 1A-1, Rule 41(b) states: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this section and any dismissal not provided for in this rule, . . . operates as an adjudication upon the merits." N.C.G.S. § 1A-1, Rule 41(b) (1999). In other words, an involuntary dismissal which fails to state that it is without prejudice will be construed as being with prejudice. While "[t]he Rules of Civil Procedure are not strictly applicable to proceedings under the Workers' Compensation Act," they may provide guidance in the absence of an applicable rule under the Workers' Compensation Act. *See Hogan*, 315 N.C. at 137, 337 S.E.2d at 483 (determining the Industrial Commission has the inherent power, analogous to N.C. Gen. Stat. § 1A-1, Rule 60(b)(6), to grant relief from judgment). The Workers' Compensation Act provides no direction for the proper interpretation of an involuntary dismissal that is silent on whether the dismissal is with or without prejudice. Thus, this Court may look to N.C. Gen. Stat. § 1A-1, Rule 41(b) for guidance.

Accordingly, the involuntary dismissal of Plaintiff's claim entered by the deputy commissioner upon Plaintiff's failure to prosecute, which does not mention whether it was entered with or without prejudice, must be construed as having been entered with prejudice. Because the dismissal with prejudice "terminated [P]laintiff's exclusive remedy when other lesser sanctions were appropriate and available," we agree with the Commission's alternative conclusion that the deputy commissioner's order dismissing Plaintiff's claim and the executive secretary's order allowing Defendants' motion to strike Plaintiff's request for a hearing should be vacated based on an abuse of discretion by the deputy commissioner[2] and Plaintiff's claim should be reset for hearing. *See Matthews v. Charlotte-Mecklenburg Hosp. Auth.*, 132 N.C. App. 11, 17, 510 S.E.2d 388, 393 (in reviewing a dismissal for abuse of discretion, the exclusivity of the plaintiff's remedy and the appropriateness of alternative sanctions must be considered), *disc. review denied*, 350 N.C. 834, 538 S.E.2d 197 (1999). Accordingly, we affirm the Commission.

---

2. The Commission has the inherent power, analogous to N.C. Gen. Stat. § 1A-1, Rule 60(b)(6), to strike an order based on an abuse of discretion. *See Hogan*, 315 N.C. at 137, 337 S.E.2d at 483.

Affirmed.

Judges McCULLOUGH and CAMPBELL concur.