603 S.E.2d 896 (2004)
Robert M. WARD Employee, Plaintiff,
v.
WAKE CO. BOARD OF EDUCATION, and Carolina Sunrock Corporation, Employers, Defendant, North Carolina School Boards Insurance Trust and ITT Hartford; Carrier, Defendants.
No. COA03-1578.
Court of Appeals of North Carolina.
November 2, 2004.
*898 Law Offices of James Scott Farrin, by J. Michael Mackay, Durham, for plaintiff-appellee.
Lewis & Roberts, P.L.L.C., by Bryant D. Parris, III, Raleigh, for defendant-appellant Sunrock/ITT.
Attorney General Roy Cooper, by Assistant Attorney General Patrick S. Wooten, for defendant-appellant Wake County Board of Education.
LEVINSON, Judge.
Defendants appeal from an order of the North Carolina Industrial Commission deeming an earlier dismissal of plaintiff's claims to be without prejudice.
The relevant factual and procedural history of this case is summarized as follows: Plaintiff suffered a compensable workplace injury on 25 August 1994. On 26 September 1995 deputy commissioner Shuping issued an opinion awarding plaintiff workers' compensation benefits, which was substantially upheld in an opinion of the Full Commission, issued on 4 April 1996, in I.C. file no. 423957. Defendant Carolina Sunrock and plaintiff Robert Ward appealed to this Court, which affirmed the Industrial Commission in an unpublished opinion filed 1 July 1997.
On 8 August 1997, while plaintiff was employed by defendant Wake County Board of Education, he allegedly suffered another workplace injury. Defendants Wake Co. Bd. of Educ. and N.C. School Boards Insurance Trust denied plaintiff's claim, and the case was heard before deputy commissioner Glenn. On 25 March 1998 Glenn ruled from the bench that defendants Sunrock and ITT be added as "potential defendant[s] in this matter" and that he would "have to combine" the files for both the earlier claim (file no. 466695, award upheld by this Court July 1997) with the claim then being heard (I.C. file no. 435240). He directed the parties to draft an order adding Sunrock and ITT as defendants. Although this order does not appear in the record, a second hearing was held before Glenn in July 1998, attended by both sets of defendants. The next order in the record is dated 16 October 2000, more than two years later. In this order Glenn directed the parties to submit a proposed opinion and award by 12 November 2000, after which date "the Opinion and Award will be written without [a submission of a proposed opinion and award]."
The record contains only one order directing plaintiff to provide discovery. In this order, filed 12 January 2001, Glenn ordered plaintiff to provide defendants, no later than 1 February 2001, with copies of "medical records, rehabilitation report[s] and employment records in their possession since July 1, 1998." Thereafter, defendants apparently moved for dismissal of plaintiff's claims, although this motion does not appear in the record. Without conducting a hearing, Glenn issued an order on 21 May 2001 stating that:
Upon motion of the counsel for both defendants for an Order dismissing plaintiff's claim for his failure to respond to discovery as ordered; and, not receiving any response from plaintiff as to defendants' motion to dismiss; it appears that defendants' motion should be allowed.
IT IS THEREFORE ORDERED that this action shall be and is hereby dismissed as to both defendants.
Plaintiff subsequently obtained different counsel. On 21 February 2002 he filed a new Form 33 request for a hearing, which was scheduled for 26 August 2002. On 10 September 2002 Glenn entered an order removing plaintiff's claims from the hearing docket and stating:
... [D]efendants moved that this matter be dismissed because the Industrial Commission did not have jurisdiction of this matter in that an Order had been entered... on May 21 2001, dismissing this claim pursuant to defendants' motion; plaintiff did not appeal the dismissal nor did plaintiff ask that the Order be reconsidered, therefore the Order ... is still valid and outstanding; .... IT IS THEREFORE ORDERED that this case is hereby removed from the hearing docket in that it has been previously dismissed.
On 12 September 2002 plaintiff appealed the Commissioner's order. In another motion, plaintiff sought to have the dismissal of 21 May 2001 either vacated, interpreted as having been entered without prejudice, or "remanded *899 on an interlocutory basis for full hearing on the merits." On 11 July 2003, the Industrial Commission entered an order denying plaintiff's appeal from Glenn's order removing his new claim from the docket, but ordering that Glenn's earlier dismissal of plaintiff's claims "is deemed to be WITHOUT PREJUDICE." From this order, defendants appeal.
On 22 August 2003 plaintiff filed a motion for dismissal of defendants' appeal, on the grounds that defendants have appealed from an interlocutory order not subject to immediate review.
"Interlocutory orders and judgments are those `made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court to settle and determine the entire controversy.' Generally, there is no right of immediate appeal from interlocutory orders and judgments." Sharpe v. Worland, 351 N.C. 159, 161, 522 S.E.2d 577, 578 (1999) (quoting Carriker v. Carriker, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999)).
Defendants herein appeal from an order deeming the earlier dismissal of plaintiff's claims to be without prejudice, and allowing plaintiff a year from the date of the order to refile. This Court has previously held similar orders to be interlocutory. In Johnson v. N.C. Dept. of Transportation, 70 N.C.App. 784, 321 S.E.2d 20 (1984), a deputy commissioner of the Industrial Commission dismissed the plaintiff's claim, which had been filed under the Tort Claims Act. The plaintiff appealed to the Full Commission, which "amended [the Deputy Commissioner's] order to provide that the claim be dismissed without prejudice so that the plaintiff could file a new action based on the same claim within one year of the Commission's order." Id. at 785, 321 S.E.2d at 20. On appeal, defendant argued that the Commission's order, deeming the earlier dismissal to be without prejudice, constituted a final judgment because "[t]he case was not remanded to the deputy commissioner and any further proceedings must be brought with new pleadings and a new docket number." Id. On this basis, the defendants sought immediate review. This Court held:
We believe that to hold that any claim brought on the same facts as were alleged in this case is a different case would be to exalt form over substance. If the plaintiff brings another action based on the same facts as those on which this case is based it will be a continuation of this case. That being so, the order of the Industrial Commission is not a final judgment disposing of the case.
Id. Although the decision was made in the context of the Tort Claims Act, we find the reasoning of Johnson also applicable as to workers' compensation cases. Notwithstanding that as a technical matter plaintiff may have to file a new claim form, we conclude that defendants appeal is from an interlocutory order that does not resolve the issues between the parties.
Although ordinarily a party may not appeal an interlocutory order, appeal is allowed where denial of immediate review would jeopardize a "substantial right" of the appellant. N.C.G.S. § 7A-27 (d)(1) (2003) (allowing appeal of right to this Court from "any interlocutory order or judgment" that "[a]ffects a substantial right[.]"). "`Essentially a two-part test has developed-the right itself must be substantial and the deprivation of that substantial right must potentially work injury ... if not corrected before appeal from final judgment.'" Travco Hotels v. Piedmont Natural Gas Co., 332 N.C. 288, 292, 420 S.E.2d 426, 428 (1992) (quoting Goldston v. American Motors Corp., 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990)).
"Our Supreme Court has stated that the possibility of having to retry an issue already litigated can be a substantial right. Accordingly, `the denial of a motion for summary judgment based on the defense of res judicata may affect a substantial right, making the order immediately appealable.'" Naddeo v. Allstate Ins. Co., 139 N.C.App. 311, 317, 533 S.E.2d 501, 505 (2000) (citing Green v. Duke Power Co., 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982), and quoting Bockweg v. Anderson, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993)). "The doctrine of res *900 judicata precludes relitigation of final orders of the Full Commission and orders of a deputy commissioner which have not been appealed to the Full Commission." Bryant v. Weyerhaeuser Co., 130 N.C.App. 135, 138, 502 S.E.2d 58, 61 (1998) (citing Hogan v. Cone Mills Corp., 315 N.C. 127, 135-36, 337 S.E.2d 477, 482 (1985), rev'd on other grounds, 326 N.C. 476, 390 S.E.2d 136 (1990)). Defendants herein argue that the Commission's order violated principles of res judicata, and is, therefore, immediately appealable. We disagree.
Commissioner Glenn's order of dismissal did not specify whether it was with or without prejudice. Accordingly, it is held to be a dismissal with prejudice. Harvey v. Cedar Creek BP, 149 N.C.App. 873, 875, 562 S.E.2d 80, 82 (2002) ("[T]he involuntary dismissal of Plaintiff's claim entered by the deputy commissioner . . . which does not mention whether it was entered with or without prejudice, must be construed as having been entered with prejudice.").
As a dismissal with prejudice, it constitutes a final judgment on the merits. See Hogan, 315 N.C. at 136, 337 S.E.2d at 482 ("[An] order of dismissal granted at the instance of a party's opponent ... was a final dismissal of [plaintiff's] claim on the merits."). In Hogan, as in the instant case, the plaintiff failed to appeal from a dismissal with prejudice. Several years later, he filed a new claim, and was awarded benefits. On appeal, this Court held that the dismissal of his first claim was res judicata with respect to the second claim. The North Carolina Supreme Court agreed that as long as the dismissal stood, a second claim was barred. However, the Court also held that the Industrial Commission possessed the "inherent power to set aside one of its former judgments" which authority is "analogous to that conferred upon the courts by N.C.R. Civ. P. 60(b)(6)." Id. at 137, 337 S.E.2d at 483. The Court explained that this authority:
to provide relief against the operation of a former judgment ... is a remedy fashioned by courts to relieve hardships which from time to time arise from a fast and hard adherence to the usual rule that judgments should not be disturbed once entered. The remedy has been characterized by a flexibility which enables it to be applied in new situations to avoid the particular injustices inherent in them.... [W]e believe the legislature impliedly vested such power in the Commission[.]
Id. at 139-40, 337 S.E.2d at 484.
Significantly, the Hogan Court held further that, if the Industrial Commission chose to exercise its authority to set aside the earlier dismissal, res judicata would no longer bar plaintiff from bringing a new claim:
The decision whether to set aside the judgment rests, in the first instance, within the judgment of the Commission. If the Commission refuses to set aside the former judgment, Hogan's claim will be barred by res judicata. If, on the other hand, the Commission does set aside the former judgment, no final judgment on the merits will exist to bar this action[.]
Id. at 142, 337 S.E.2d at 477.
Thus, the "Full Commission has the inherent power, `analogous to that conferred on courts by Rule 60(b)(6),' to set aside or modify its own orders, including final orders of the deputy commissioners[.]" Bryant, 130 N.C.App. at 138, 502 S.E.2d at 61 (citing Hogan, 315 N.C. at 129, 337 S.E.2d at 478).
In the instant case, the Commission exercised its inherent power to modify or set aside an order. The issue addressed by Commissioner Glenn was whether to grant defendants' motion for dismissal. The Full Commission did not "relitigate" the issue of the merits of defendants' motion for dismissal. Nor did the Commission conclude as a matter of law that the order had been entered without prejudice. Rather, the Commission modified the dismissal order by ordering that it be "deemed to have been entered without prejudice." The definition of the word "deemed" in the legal context is "considered" or "treated as if." BLACK'S LAW DICTIONARY 415 (6th ed.1990); Bryan A. Garner, A DICTIONARY OF MODERN LEGAL USAGE 254 (2d ed.1995). Thus, the Commission modified the dismissal by ordering that it be "treated as if" it had been entered without prejudice. We conclude that the *901 Commission's order neither implicates defendants' right to avoid relitigation of a final order, nor presents other issues of res judicata.
We next consider whether the Commissioner's order is subject to immediate appellate review. "While `the Rules of Civil Procedure are not strictly applicable to proceedings under the Workers' Compensation Act,' they may provide guidance in the absence of an applicable rule under the Workers' Compensation Act." Harvey, 149 N.C.App. at 875, 562 S.E.2d at 81 (quoting Hogan, 315 N.C. at 137, 337 S.E.2d at 483). In this case, the Commission exercised its inherent authority to grant relief from judgment, which the North Carolina Supreme Court has held is "analogous to" a civil court's authority under N.C.G.S. § 1A-1, Rule 60(b) (2003). Accordingly, we find it relevant that there is no general right of immediate appeal from an interlocutory order entered pursuant to Rule 60(b). See Bailey v. Gooding, 301 N.C. 205, 270 S.E.2d 431 (1980) (dismissing appeal from interlocutory order allowing motion to set aside default judgment). Nor is there a general right of immediate appeal from an order setting aside a prior dismissal. See, e.g., Waters v. Personnel, Inc., 294 N.C. 200, 240 S.E.2d 338 (1978) (holding no substantial right implicated by appeal from order setting aside earlier order for summary judgment); Yang v. Three Springs Inc., 142 N.C.App. 328, 542 S.E.2d 666 (2001) (dismissing as interlocutory an appeal from order rescinding earlier dismissal). We conclude that there is no general right to immediate review of the Commission's order setting aside or modifying an earlier order of a deputy Commissioner. We also conclude that no substantial right will be lost by delaying appeal until final resolution of plaintiff's claims. Defendants argue that, if their appeal is dismissed, they will "be required to incur significant litigation costs." However, "the mere avoidance of a rehearing on a motion or the avoidance of a trial when summary judgment is denied is not a `substantial right.'" LaFalce v. Wolcott, 76 N.C.App. 565, 568, 334 S.E.2d 236, 238 (1985). We conclude that dismissal of the present interlocutory appeal will not jeopardize a substantial right.
Defendants Sunrock and ITT also argue that the Commission's authority to modify or set aside an earlier order of dismissal "assumes a timely appeal." Defendants cite no authority for this statement, and Hogan indicates otherwise. Indeed, the plaintiff therein did not appeal the involuntary dismissal of his claims, and his subsequent claim was filed after a much longer time interval than in the instant case. Defendant Wake County Board of Education makes a similar argument that, absent an appeal from the dismissal, the Commission lacks authority to modify or set it aside. Again, Hogan indicates otherwise. See also Jenkins v. Piedmont Aviation Servs., 147 N.C.App. 419, 557 S.E.2d 104 (2001) (holding that Commission has the authority, analogous to court's authority under Rule 60(b), to review earlier order of deputy Commissioner, even in the absence of an appeal or motion for review), disc. review denied, 356 N.C. 303, 570 S.E.2d 724 (2002).
We conclude that plaintiff's motion for dismissal should be granted and defendants' appeal
Dismissed.
Judges GEER and THORNBURG concur.