***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner and the materials before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties before the Commissioner as:
 FINDINGS OF FACT
1. A hearing on defendant's Motion To Dismiss was held on December 13, 2005, before the Deputy Commissioner. *Page 2 
2. Plaintiff alleged in his Affidavit that he was improperly exposed to secondhand smoke while incarcerated at Southern Correctional Institute and that defendant improperly allowed inmates to smoke at a facility that should have been smoke-free.
3. A docket notifying plaintiff of his scheduled hearing was sent and received by plaintiff and the Full Commission finds that it afforded him ample notice of the hearing before the Deputy Commissioner.
4. At the scheduled time of the hearing before the Deputy Commissioner, defendant's employees responsible for coordinating plaintiff's presence at the video conference site informed the Deputy Commissioner that plaintiff was offered transportation to the hearing site from his correctional facility, but he refused to be transported.
5. Plaintiff's failure to attend the hearing was willful, and his actions deliberately and unreasonably delayed the adjudication of his tort claim.
6. Defendant was prejudiced by plaintiff's actions, as counsel for defendant and her staff spent time preparing for the case and counsel traveled to the hearing site with the reasonable expectation of attending the scheduled hearing on December 13, 2005.
7. Upon notification of the aforementioned events, defendant moved to dismiss plaintiff's claim for failure to prosecute.
 ***********
Based on the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). *Page 3 
2. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
3. N.C. Gen. Stat. § 1A-1, Rule 41(b) (2005) permits a defendant in a civil action to move for dismissal of a claim when plaintiff fails to prosecute his case. The Industrial Commission has the inherent power to dismiss a case for failure of plaintiff to prosecute. See Harvey v.Cedar Creek BP, 149 N.C. App. 873, 562 S.E.2d 80 (2002).
4. When sanctions such as a dismissal with prejudice are entered, the Industrial Commission must address three factors: (1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant [caused by the plaintiff's failure to prosecute]; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice."Lee v. Roses, 16 2 N.C. App. 129, 132, 590 S.E.2d 404, 407 (2004) [quoting Wilder v. Wilder, 14 6 N.C. App. 574, 578, 553 S.E.2d 425, 428
(2001)]. In the present case, plaintiff deliberately chose not to attend his hearing, despite having notice and a means of transportation to the hearing site. Furthermore, plaintiff provided no reasonable excuse for his absence. Plaintiff's willful refusal to attend the hearing prejudiced defendant, who reasonably expected to attend the hearing and spent time preparing for the hearing and traveling to the hearing site.
5. Plaintiff's actions were willful and unreasonably thwarted adjudication of his claim. In light of the foregoing, dismissal with prejudice pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure for failure to prosecute is appropriate.
 *********** *Page 4 
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 20th day of February 2007.
S/________________________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
S/________________________ CHRISTOPHER SCOTT COMMISSIONER
S/________________________ DIANNE C. SELLERS COMMISSIONER *Page 1