***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Taylor, and the briefs before the Full Commission. The appealing party did not show good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order, except for minor modifications. Accordingly, the Full Commission affirms the Decision and Order of Special Deputy Commissioner Taylor, with minor modifications.
 ***********
Based upon all of the competent evidence of record, and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 2 
1. The Plaintiff alleged in his Affidavit that the defendants did not have proper medical staffing in place, and that prisoners lacked the ability to effectively notify the defendant's staff of medical emergencies at particular points in time.
2. A hearing on the defendant's Motions To Dismiss occurred on December 5, 2007.
3. The plaintiff received a docket notifying him of said hearing, and the docket afforded him ample notice of the hearing.
4. At the scheduled time of the hearing, the defendant's officials responsible for coordinating the plaintiff's presence at the video conference site informed the Special Deputy Commissioner that the plaintiff refused to leave his cell in order to participate in the hearing.
5. The plaintiff's failure to attend the hearing was willful, and his actions deliberately and unreasonably delayed the adjudication of his claim.
6. This conduct prejudiced the defendant, as counsel for the defendant and her staff spent time preparing for the case, and counsel traveled to the hearing site with the reasonable expectation of conducting a hearing on December 5, 2007.
7. Upon notification of the aforementioned events, the defendant moved to dismiss the plaintiff's claim for failure to prosecute.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 1A-1, Rule 41(b) permits a defendant in a civil action to move for dismissal of a claim when the Plaintiff fails to prosecute his case. The North Carolina Industrial Commission has the inherent power to dismiss a case for failure of the plaintiff to prosecute. See Harvey v. Cedar Creek BP, 149 N.C. App. 873,562 S.E.2d 80 (2002). *Page 3 
2. When sanctions such as a dismissal with prejudice are made, the North Carolina Industrial Commission must address: (1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant [caused by the failure to prosecute]; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice. Lee v. Roses,162 N.C. App. 129, 132, 590 S.E.2d 404, 407 (2004) (quoting Wilder v.Wilder, 146 N.C. App. 574, 578, 553 S.E.2d 425, 428 (2001)).
3. The plaintiff deliberately chose not to attend the hearing, despite having notice and an opportunity to appear. The plaintiff provided no reasonable excuse for his absence.
4. The plaintiff's willful refusal to attend the hearing prejudiced the defendant, who reasonably expected to have a hearing, and spent time preparing for and travelling to the hearing.
5. Sanctions short of dismissal are not warranted, as the plaintiff's actions were willful, and unreasonably thwarted adjudication of his claim.
6. Dismissal with prejudice under Rule 41(b) for failure to prosecute is appropriate.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. The plaintiff's claim under the North Carolina State Tort Claims Act is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed, as the plaintiff filed this civil action informa pauperis.
This the 13th day of August, 2008. *Page 4 
 S/___________________
 BERNADINE S. BALLANCE
 COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER