* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Taylor and the brief and submission before the Full Commission. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission reverses the Decision and Order of Special Deputy Commissioner Taylor and enters the following Decision and Order.
 * * * * * * * * * * * RULING ON A PROCEDURAL MATTER
Defendant asserts in its brief to the Full Commission that plaintiff's notice of appeal was not filed in a timely manner. In as much as this is a Motion to Dismiss for failure to file a timely appeal under RuleT301, defendant's Motion is DENIED. The record does not clearly reflect when plaintiff received notice of the filing of the January 22, 2008 Decision and Order to Special Deputy Commissioner Taylor.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff alleges in his T-1 Affidavit that he was injured while working on the Pitt County Department of Transportation work crew. It is unclear from the affidavit whether plaintiff's action is against Department of Correction, Department of Transportation, or Pitt County.
2. Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction, failure to comply with Rule 9(j) pleading requirements, failure to allege specific acts of negligence, and failure to allege damages.
3. A hearing calendar notifying the parties of a pre-hearing conference on defendant's Motions to Dismiss scheduled on January 17, 2008 was mailed to the plaintiff at plaintiff's last known address of record.
4. Plaintiff failed to attend the pre-hearing conference.
5. Special Deputy Commissioner Taylor dismissed plaintiff's claim with prejudice for failure to prosecute due to plaintiff's failure to attend the pre-hearing conference. Plaintiff alleges he did not receive notice of the pre-hearing conference. There is no evidence in the record indicating that the notice sent to plaintiff was duly received.
 * * * * * * * * * * *
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff alleges he did not receive notice of the pre-hearing conference and there has been no offer of proof to rebut that allegation. As such, plaintiff's claim should not be dismissed with prejudice due to his failure to prosecute. See Harvey. Cedar Creek BP,149 N.C. App. 873, 562 S.E. 2d 80 (2002).
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 ORDER
1. The matter is remanded to the Chief Deputy Commissioner for assignment to a Deputy Commissioner to conduct a pre-hearing conference on defendant's Motions to Dismiss and to determine the proper parties to the action.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 6th day of March, 2009.
S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ STACI T. MEYER COMMISSIONER