RONG TEAT YANG d/b/a GOLDEN STATE SILK FLOWERS, Plaintiff-Appellee v. THREE SPRINGS, INC. d/b/a WHOLESALE ALLEY, Defendant-Appellant and JAMES HSAING d/b/a SHINY, INC., Plaintiff-Appellee v. THREE SPRINGS, INC. d/b/a WHOLESALE ALLEY, Defendant-Appellant

Nos. COA00-513
COA00-514

(Filed 20 February 2001)

**Appeal and Error— appealability—order setting aside dismissal**

An appeal was dismissed as interlocutory where defendant obtained a dismissal as a result of plaintiffs' failure to respond to interrogatories, plaintiffs' motion for reconsideration was granted, the orders of dismissal were rescinded, and defendant appealed. The avoidance of trial is not a substantial right; defendant's rights may be adequately protected by timely exception and

subsequent assignment of error upon the entry of final judgment in the trial court.

Appeal by defendant from orders entered 8 February 2000 by Judge Sanford L. Steelman, Jr. in Davidson County Superior Court. Heard in the Court of Appeals 5 February 2001.

*Cranfill, Sumner & Hartzog, L.L.P., by Samuel H. Poole, Jr. and S. Mujeeb Shah-Khan, for plaintiff-appellees.*

*Brinkley Walser, PLLC, by Charles H. McGirt, for defendant-appellant.*

JOHN, Judge.

Three Springs, Inc., d/b/a Wholesale Alley, defendant in each of these two related cases, appeals the trial court's 8 February 2000 order rescinding its earlier 16 November 1999 order dismissing the respective complaints of plaintiffs Rong Teat Yang d/b/a Golden State Silk Flowers and James Hsaing d/b/a Shiny, Inc. We dismiss defendant's appeals as interlocutory.

The procedural history of the instant appeals may be summarized as follows: On 20 September 1999, the trial court entered an order directing plaintiffs to respond to interrogatories submitted by defendant. Due to plaintiffs' non-compliance with the court's order, defendant moved for sanctions pursuant to N.C.G.S. § 1A-1, Rule 37(b)(2) (1999). By orders entered 16 November 1999, the trial court allowed defendant's motions and, upon considering "the entire range of possible sanctions," determined in its discretion that dismissal of plaintiffs' complaints constituted "the appropriate sanction" in each case.

Plaintiffs filed a consolidated motion for reconsideration on 30 November 1999 and a verified motion for relief from judgment on 14 December 1999. On the latter date, plaintiffs also noticed appeal of the 16 November 1999 orders of dismissal. After considering the verified motions and affidavits submitted by plaintiffs and the arguments of counsel, the trial court entered orders (the Orders) on 8 February 2000 determining that the 16 November 1999 rulings should be "reconsidered and modified" and thereupon "rescind[ing]" those orders which had dismissed plaintiffs' actions. Defendant timely noticed appeal. On or about 2 March 2000, plaintiffs withdrew their 14 December 1999 appeals of the 16 November 1999 orders.

Although the interlocutory nature of the instant appeals has not been raised by the parties, this Court recently reiterated that "[i]f there is no right of appeal, it is the duty of an appellate court to dismiss the appeal on its own motion." *Stafford v. Stafford*, 133 N.C. App. 163, 164, 515 S.E.2d 43, 44 (citation omitted), *aff'd per curiam*, 351 N.C. 94, 520 S.E.2d 785 (1999). We reemphasized that this rule

> "prevent[s] fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts."

*Id.* (quoting *Fraser v. Di Santi*, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218 (1985)).

An order that " 'does not finally dispose of the case and requires further action by the trial court,' " is interlocutory. *Horne v. Nobility Homes, Inc.*, 88 N.C. App. 476, 477, 363 S.E.2d 642, 643 (1988) (quoting *Bailey v. Gooding*, 301 N.C. 205, 209, 270 S.E.2d 431, 434 (1980)).

> No appeal lies from an interlocutory order unless it affects a substantial right and will result in injury if not reviewed before final judgment.

*Id.* (citations omitted). Further, if an appellant's rights may

> be fully and adequately protected by an exception to the order that could then be assigned as error on appeal after final judgment,

*Bailey*, 301 N.C. at 210, 270 S.E.2d at 434, there is no right to immediate appellate review, *see id.* Finally, it is well settled, in the instant context, that "[a]voidance of a trial, . . . is not a 'substantial right.' " *Id.* (citations omitted); *see also Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 336, 299 S.E.2d 777, 780 (1983) (avoidance of trial or administrative hearing not a substantial right entitling a party to immediate appellate review).

Although it does not appear that our courts have previously addressed the appealability of an order setting aside or rescinding an order of dismissal issued pursuant to G.S. § 1A-1, Rule 37(b)(2), the foregoing rules and analogous cases prompt the conclusion that the Orders are interlocutory and not immediately appealable. In *GMC Trucks v. Smith*, for example, our Supreme Court equated an order

setting aside a judgment of nonsuit (or dismissal) to denial of a motion for nonsuit, and concluded neither was immediately appealable. *GMC Trucks v. Smith*, 249 N.C. 764, 766, 107 S.E.2d 746, 748-49 (1959); *see also Country Club of Johnston County, Inc. v. U.S. Fidelity and Guar. Co.*, 135 N.C. App. 159, 164, 519 S.E.2d 540, 544 (1999) ("order denying a motion to dismiss 'do[es] not determine even one claim, but simply require[s] subsequent trial of the fact issues underlying that claim, [and is] generally not appealable' " (alterations in original) (citation omitted.)), *disc. review denied*, 351 N.C. 352, —— S.E.2d —— (2000). Significantly, in so ruling, the Court pointed out that upon the trial court's refusal to dismiss an action,

> [t]he movant may note an exception, allow the case to proceed, and then, if dissatisfied with the final result, the matter may be considered on the appeal from the final judgment.

*GMC Trucks*, 249 N.C. at 766, 107 S.E.2d at 749.

In the case *sub judice*, the Orders "rescinded" the 16 November 1999 order of dismissal, effectively returning plaintiffs' previously dismissed actions to the court docket for subsequent trial. In *GMC Trucks* and *Country Club*, the actions at issue similarly remained for " 'further action by the trial court.' " *Horne*, 88 N.C. App. at 477, 363 S.E.2d at 643 (citation omitted); *see GMC Trucks*, 249 N.C. at 767, 107 S.E.2d at 749; *Country Club*, 135 N.C. App. at 164, 519 S.E.2d at 544.

In short, the Orders are interlocutory and defendant is not entitled to immediate appellate review as its rights may be adequately protected by timely exception and subsequent assignment of error thereto upon the entry of final judgment in the trial court. Accordingly, defendant's appeal in each case is dismissed as interlocutory.

Appeals dismissed.

Judges GREENE and WALKER concur.