KENNETH H. MYERS, JR., PLAINTIFF v. THOMAS P. MUTTON, M.D.; FORSYTH MEMORIAL HOSPITAL, INC., NOVANT HEALTH, INC.; NOVANT HEALTH TRIAD REGION, LLC, DEFENDANT

No. COA01-1409

(Filed 31 December 2002)

**Appeal and Error— appealability—interlocutory order—sanction for failure to comply with discovery order**

    Plaintiff's appeal in a medical malpractice action from an order sanctioning him for failure to comply with a discovery order is dismissed as an appeal from an interlocutory order, because: (1) the order for sanctions did not dispose of the case which has not yet come to trial; (2) the trial court did not certify the order for sanctions under N.C.G.S. § 1A-1, Rule 54(b); and (3) a substantial right will not be lost if the order is not immediately appealed.

Appeal by plaintiff from order entered 23 May 2001 by Judge Michael E. Helms in Forsyth County Superior Court. Heard in the Court of Appeals 17 September 2002.

*Faison & Gillespie, by Reginald B. Gillespie, Jr., C. Michael Mallard, and Kristen L. Beightol, for plaintiff-appellant.*

*Carruthers & Roth, P.A., by Richard L. Vanore and Norman F. Klick, Jr., for defendant-appellees.*

BIGGS, Judge.

    Plaintiff appeals from an order sanctioning him for failure to comply with a discovery order. We dismiss plaintiff's appeal as interlocutory.

This appeal arises from a medical malpractice action filed by plaintiff February, 2000, in which he alleged that defendant (Dr. Mutton) was negligent in his treatment of plaintiff's appendicitis. Plaintiff, subsequent to filing suit, dismissed claims against all defendants except Dr. Mutton, the only defendant in the present appeal. In May, 2000, defendant filed his first set of interrogatories. He sought information regarding, *inter alia*, plaintiff's expert witnesses, medical records, medication history, employment and tax records, criminal record, the factual basis for certain allegations in the complaint, and an accounting of plaintiff's medical expenses, loss of income, and other alleged damages.

Plaintiff responded to defendant's interrogatories in July, 2000. He generally objected on the basis that the interrogatories were overly broad, unduly burdensome, sought privileged or confidential information, and "otherwise exceed[ed] the scope of permissible discovery." However, plaintiff did not file an objection to any specific request for information, or associate his general objections with any particular request, document, or item of information. Nor has plaintiff filed a motion for a protective order.

Between May and September, 2000, plaintiff produced some, but not all, of the requested documents. On 30 September 2000, defendant filed a Motion to Compel discovery, which was granted on 30 October 2000. The trial court ordered plaintiff to fully and completely answer each interrogatory, including subparts, and to produce each document requested by 18 November 2000. In response, plaintiff filed several supplemental answers to defendant's interrogatories. In each, plaintiff reiterated his general objections to defendant's interrogatories, while including some additional records.

In April, 2001, defendant filed a motion for sanctions under N.C.G.S. § 1A-1, Rule 37 (2001). On 23 May 2001, the trial court entered an order granting defendant's motion for sanctions. The court found that, even after the entry of an order compelling discovery, that plaintiff's supplemental responses had included "prior answers subject to continued objections which had already been overruled[,]" and that defendant had "failed to fully and completely respond to defendant's first set of interrogatories and request for production of documents[.]" The trial court also found that despite defendant's requests, plaintiff and plaintiff's counsel have chosen not to resubmit plaintiff's discovery without objections. The court concluded that plaintiff had failed to comply with the order compelling discovery, and failed to

"fully and completely answer each interrogatory, including subparts, and completely produce each document requested." The court ordered that plaintiff comply with the earlier discovery order on or before July 13, 2001, and imposed monetary sanctions on plaintiff's counsel. Plaintiff appeals from this order.

We conclude that plaintiff's appeal is not properly before us, notwithstanding the failure of either party to address the issue. "Although the interlocutory nature of the instant appeal[] has not been raised by the parties, . . . '[i]f there is no right of appeal, it is the duty of an appellate court to dismiss the appeal on its own motion.' " *Yang v. Three Springs, Inc.*, 142 N.C. App. 328, 330, 542 S.E.2d 666, 667 (2001) (quoting *Stafford v. Stafford*, 133 N.C. App. 163, 164, 515 S.E.2d 43, 44, *aff'd per curiam*, 351 N.C. 94, 520 S.E.2d 785 (1999)).

"A judgment is either interlocutory or the final determination of the rights of the parties." N.C.G.S. § 1A-1, Rule 54 (2001). "Interlocutory orders are those made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court in order to settle and determine the entire controversy." *Carriker v. Carriker*, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999) (citations omitted). The order for sanctions entered in the case *sub judice* is interlocutory because it did not finally dispose of the case, which has not yet come to trial. *Yang*, 142 N.C. App. 328, 542 S.E.2d 666.

Although there is generally no right to appeal an interlocutory order, it is immediately appealable if (1) the order is final as to some claims or parties, and the trial court certifies pursuant to N.C.G.S. § 1A-1, Rule 54(b) that there is no just reason to delay the appeal, or (2) the order deprives the appellant of a substantial right that would be lost unless immediately reviewed. *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 526 S.E.2d 666 (2000). "Under either of these two circumstances, it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal[.]"[1] *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444

---

1. Plaintiff's notice of appeal includes the general statement that "[t]he order which is the subject of this appeal, is immediately appealable given the issues raised therein." However, that perfunctory allegation constitutes the entirety of plaintiff's attention to this issue. Plaintiff failed to include in his brief a statement of the grounds for appeal. He has not asserted a statutory privilege, has not argued that a substantial right is affected, and has never filed a motion for a protective order to prevent discovery of specific documents.

S.E.2d 252, 253 (1994). Moreover, under N.C.R. App. P. 28(b)(4), an appellant's brief must contain "a statement of the grounds for appellate review" and if the appeal is interlocutory, this statement "must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right."

In the present case, the trial court did not certify the order for sanctions under Rule 54(b), nor do we conclude that a substantial right will be lost if the order is not immediately appealed. A 'substantial right' is "a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which a [person] is entitled to have preserved and protected by law: a material right." *Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999) (quoting *Oestreicher v. American Nat'l Stores*, 290 N.C. 118, 121-222, 225 S.E.2d 797, 800 (1976)). "Generally, appellate courts do not review discovery orders because of their interlocutory nature." *Stevenson v. Joyner*, 148 N.C. App. 261, 263, 558 S.E.2d 215, 217 (2002).

We hold that no substantial right of plaintiff's would be jeopardized by postponing appeal of the discovery order until after trial. Accordingly, plaintiff's appeal must be dismissed.

Dismissed.

Judges GREENE and WYNN concur.