GRANT EDWARD NEWPORT, Plaintiff,
v.
TAMMIE BRAXTON NEWPORT, Defendant.
No. COA09-738.
Court of Appeals of North Carolina.
Filed: February 2, 2010.
This case not for publication
Holt, Longest, Wall, Blaetz & Moseley, PLLC, by W. Phillip Moseley, for Plaintiff-Appellant.
No Appellee Brief filed for Defendant-Appellee.
BEASLEY, Judge.
Grant Edward Newport (Plaintiff) appeals from an order addressing issues of post-separation support, child custody, child support, and counsel fees. For the reasons stated below, we conclude that Plaintiff's appeal is not properly before us and dismiss the appeal as interlocutory.
Plaintiff and Tammie Braxton Newport (Defendant) were married in 1982 and separated in 2003. During their marriage, three children were born to Plaintiff and Defendant. In December 2006, Plaintiff filed a Complaint requesting an absolute divorce, that Plaintiff be awarded joint custody and placement of the minor children, and that the trial court impute income to Defendant and order reasonable child support. Defendant filed an Answer and Counterclaim requesting an absolute divorce, that Defendant be awarded temporary care, custody, and control of the minor children, and that Defendant be awarded child support. Defendant also requested that she be awarded post-separation support, alimony, equitable distribution of the marital estate and of the divisible property, and counsel fees.
In 2007, Plaintiff and Defendant were granted an absolute divorce and the trial court ordered that, "[m]atters of equitable distribution, child custody, visitation and support, postseparation support and alimony remain pending for future consideration by the court." A hearing to determine the issues of custody, child support, post-separation support and attorney's fees was held in April 2008. In July 2008, Defendant made a motion requesting "that the pending matter of alimony be heard and scheduled[.]" Plaintiff filed a motion for relief pursuant to North Carolina Rules of Civil Procedure Rule 60 from an order from the April 2008 hearing and a motion to modify child support in August 2008. (R 61-62)
In October 2008, the trial court entered an order awarding custody, visitation, child support, post-separation support, and attorney's fees, but did not address alimony. The trial court concluded, in pertinent part, that:
the parties are fit and proper persons to have the joint care, custody and control of the minor children . . . with [Defendant] having primary placement, and [Plaintiff] having secondary placement.
[Defendant] is a dependent spouse, and is actually and substantially dependent upon [Plaintiff] for her support and maintenance, and is in need of support and maintenance from [Plaintiff].
[Plaintiff] is a supporting spouse, upon whom [Defendant] is actually and substantially dependent for her maintenance and support.
[Defendant] is entitled to an order of postseparation support.
[Defendant] is entitled to an order of counsel fees.
Thus, the trial court ordered that:
[the] parties shall have the joint care, custody and control of the minor children. Primary placement shall be with [Defendant], and secondary placement shall be with [Plaintiff].
[Plaintiff] shall pay child support in the amount of $1,135.00 a month.
[Plaintiff] shall pay postseparation support in the amount of $300.00 a month for twenty-four (24) months.
[Plaintiff] shall pay as an allowance of counsel fees the sum of $15,481.88.
From this order, Plaintiff appeals.
"Although the interlocutory nature of [an] appeal has not been raised by the parties, if there is no right of appeal, it is the duty of an appellate court to dismiss the appeal on its own motion." Myers v. Mutton, 155 N.C. App. 213, 215, 574 S.E.2d 73, 75 (202) (internal quotation omitted). "A judgment is either interlocutory or the final determination of the rights of the parties." N.C. Gen. Stat. § 1A-1, Rule 54(a) (2009). "[A]n order `made during the pendency of an action, which does not dispose of the case, but leaves it for further action,' is interlocutory and not immediately appealable." Akers v. City of Mount Airy, 175 N.C. App. 777, 778-79, 625 S.E.2d 145, 146 (2006) (quoting Veazy v. City of Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)).
An interlocutory order is immediately appealable under two specific instances. "First, `if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an immediate appeal will lie.'" Embler v. Embler, 143 N.C. app. 162, 164, 545 S.E.2d 259, 261 (2001)(quoting N.C. Dept. of Transportation v. Page, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995)). Secondly, an interlocutory order is immediately appealable when "the challenged order affects a substantial right of the appellant that would be lost without immediate review." Id. at 165, 545 S.E.2d at 261 (citing Bailey v. Gooding, 301 N.C. 205, 270 S.E.2d 431 (1980)). "A substantial right is a right which will be lost or irremediably adversely affected if the order is not reviewable before the final judgment." Interior Distribs., Inc. v. Autry, 140 N.C. App. 541, 544, 536 S.E.2d 853, 855 (2000). (internal quotations omitted). Plaintiff has the burden to establish that a substantial right will be affected unless he is allowed to immediately appeal from an interlocutory order. Embler, 143 N.C. App. at 165, 545 S.E.2d at 261.
Plaintiff "acknowledges that this Order does not resolve all of the issues between the parties and does not resolve the entire controversy between the parties since the determination of permanent alimony was pending when this action for custody was tried." However, Plaintiff argues that this is because the order was a final determination of custody and support, "[i]t would be manifestly unfair to force [Plaintiff] to await another trial and another appeal before his custody and support" is addressed.
In the present case, the trial court made rulings on issues concerning custody, visitation, child support, post-separation support, and attorney's fees in the October 2008 order. However, at the time this order was entered, the issues of alimony and equitable distribution were still pending. In addition, Plaintiff argues that the trial court failed to give proper consideration to his payment of marital debt when determining his child support obligation. In fact, Plaintiff attached listings of debts he paid and copies of credit reports showing his payment of alleged marital debts in the appendix attached to his brief. However, the trial court would have addressed issues regarding the identification, classification, and distribution of marital debt in Plaintiff's claim for equitable distribution. Plaintiff further argues that the trial court failed to allocate attorney's fees. While the trial court received arguments "relating to marital fault" allegedly committed by both Plaintiff and Defendant, marital fault is an issue which is properly considered in the claim for alimony. Plaintiff's arguments as to the issues he has presented on appeal are therefore inextricably interwined with the issues which remain to be heard by the trial court. The October 2008 order is interlocutory because it did not finally dispose of the case. Akers, 175 N.C. App. at 778-79, 625 S.E.2d at 146.
The trial court did not certify the order pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b). In addition, Plaintiff has failed to demonstrate that the October 2008 order will affect a substantial right if the order is not immediately reviewed. Because Plaintiff's brief failed to contain "a statement of grounds for appellate review" and "sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right," we decline to construct an argument for him. Myers, 155 N.C. App. at 216, 574 S.E.2d at 75-76 (citing N.C.R. App. P. 28(b)(4)).
For the foregoing reasons, we hold that Plaintiff does not have a right to an immediate appeal from this interlocutory order.
Appeal dismissed.
Judges STEPHENS and STROUD concur.
Report per Rule 30(e).