711 S.E.2d 774 (2011)
HIGH POINT BANK AND TRUST COMPANY, Plaintiff,
v.
HOFFMAN BUILDERS, INC., Randy P. Hoffman, and Karen S. Hoffman, Defendants.
No. COA10-1181.
Court of Appeals of North Carolina.
June 7, 2011.
J. Brooks Reitzel, Jr., High Point, for Defendants-Appellants.
Roberson Haworth & Reese, P.L.L.C., High Point, by Shane T. Stutts, and Alan B. Powell, for Plaintiff-Appellee.
THIGPEN, Judge.
The trial court entered partial summary judgment in favor of Plaintiff, High Point Bank and Trust Company, against Defendants, Hoffman Builders, Inc., and Randy P. Hoffman. Summary judgment was not granted against the third Defendant, Karen S. Hoffman. We must decide whether the appeal of the interlocutory order involves a substantial right and is thus reviewable. We conclude the appeal does not involve a substantial right and must be dismissed.
The evidence of record tends to show that on 10 April 2007 Hoffman Development, Inc., ("Defendant Hoffman Development") purchased real property in Davidson County, North Carolina, and signed a Promissory Note ("Note") in the amount of $475,000.00, plus interest, indebting Defendant Hoffman Development to High Point Bank and Trust Company ("Plaintiff"). The Note was signed by Randy P. Hoffman ("Defendant Randy Hoffman") in his official capacity as Member and Manager of Defendant Hoffman Development. Also on 10 April 2007, Hoffman Builders, Inc. ("Defendant Hoffman Builders"), Defendant Randy Hoffman, and Karen S. Hoffman ("Defendant Karen Hoffman") individually executed three separate Commercial Guarantees as security for the Note.[1]
The property purchased by Defendant Hoffman Development originally had several structures, including a three bedroom, two bathroom home; however, Defendants demolished the home during the first year of the loan. Then, after approximately twelve months, Defendant Hoffman Development defaulted on the Note, and Plaintiff initiated *775 a foreclosure proceeding against the property. The net proceeds of the 28 May 2009 foreclosure sale were applied to the loan balance.[2] Plaintiff also exercised a right of setoff against Defendants' banking accounts maintained at High Point Bank and Trust Company in the amount of $23,964.16.
On 10 August 2009, Plaintiff filed a complaint alleging that Defendant Hoffman Development was in default on the Note and owed Plaintiff $91,123.25, plus interest and the costs and attorneys' fees associated with this action. Plaintiff further alleged that Defendant Hoffman Builders, Defendant Randy Hoffman, and Defendant Karen Hoffman were jointly and severally liable for the sum owed on the Note pursuant to their Guarantees. On 3 November 2009, Defendants filed an answer and counterclaim.
On 8 March 2010, Defendants made a motion for summary judgment pursuant to N.C. Gen.Stat. § 1A-1, Rule 56 (2009). On 15 March 2010, Plaintiff also moved for summary judgment. On 24 March 2010, Plaintiff voluntarily dismissed without prejudice its claims as to Defendant Hoffman Development, but not as to the remaining Defendants.
On 7 May 2010, the trial court entered an order stating that as to Defendant Hoffman Builders and Defendant Randy Hoffman, "there are no genuine issues of material fact in dispute[,]" and "Plaintiff is entitled to judgment as a matter of law in its favor." The trial court then decreed that Plaintiff recover from Defendant Hoffman Builders and Defendant Randy Hoffman, jointly and severally, $91,123.35 plus interest and $13,668.50 in attorneys' fees. The trial court denied Plaintiff's motion for summary judgment as to Defendant Karen Hoffman and also denied Defendants' motion for summary judgment.
From this order, Defendant Hoffman Builders and Defendant Randy Hoffman gave notice of appeal.

I: Interlocutory Appeal
In Defendants' first argument on appeal, they concede that their appeal from an order granting partial summary judgment is interlocutory but contend that failure to allow the appeal will impair Defendants' substantial rights.
"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Veazey v. City of Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). "A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal." Liggett Group v. Sunas, 113 N.C.App. 19, 23, 437 S.E.2d 674, 677 (1993). "Such a prohibition promotes judicial economy by preventing fragmentary appeals." Id.
"There are only two means by which an interlocutory order may be appealed: (1) if the order is final as to some but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal pursuant to N.C.R. Civ. P. 54(b)[3] or (2) if the trial court's decision deprives the appellant of a substantial right[4] which would be lost absent immediate review." CBP Resources, Inc. v. Mountaire Farms of N.C., Inc., 134 N.C.App. 169, 171, 517 S.E.2d 151, 153 (1999) (quotation and citations omitted).
"Our Supreme Court has held that a grant of summary judgment as to fewer than all of the defendants affects a substantial right when there is the possibility of inconsistent verdicts, stating that it is the plaintiff's right to have one jury decide whether the conduct of one, some, all or none of the defendants caused his injuries[.]" Camp v. Leonard, 133 N.C.App. 554, 557-58, 515 S.E.2d 909, 912 (1999) (quotation omitted). "This Court has created a two-part test to show that a substantial right is affected, requiring a party to show (1) the same factual issues would be *776 present in both trials and (2) the possibility of inconsistent verdicts on those issues exist[s]." Id., 133 N.C.App. at 558, 515 S.E.2d at 912 (quotation omitted). As "a general proposition[,]" "[i]t is usually necessary to resolve the question [of whether a substantial right is affected] ... by considering the particular facts of [each] case and the procedural context in which the order from which appeal was sought is entered." Green v. Duke Power Co., 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982).
"[T]he burden is on the appellant to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those grounds." Romig v. Jefferson-Pilot Life Ins. Co., 132 N.C.App. 682, 685, 513 S.E.2d 598, 600 (1999), appeal dismissed in part, disc. review denied, and cert. denied, 350 N.C. 836, 539 S.E.2d 293-94 (1999), aff'd per curiam, 351 N.C. 349, 524 S.E.2d 804 (2000) (quotation omitted).
In the present case, the trial court's grant of summary judgment to Plaintiff was a final disposition with respect to all claims against Defendant Hoffman Builders and Defendant Randy Hoffman. However, Plaintiff's claims against Defendant Karen Hoffman have not been adjudicated. Defendants argue that, in this case, the same factual issues apply to Plaintiff's claims against all Defendants, and there is a possibility for inconsistent verdicts. Defendants state in their brief, "[t]he individual Defendants, Mr. and Mrs. Hoffman, are husband and wife; and the claims and factual issues remaining against Mrs. Hoffman are identical in all material respects to those disposed of as to the other Defendants." Defendants cite Camp v. Leonard, 133 N.C.App. 554, 515 S.E.2d 909 (1999), and Burgess v. Campbell, 182 N.C.App. 480, 642 S.E.2d 478 (2007), in support of their proposition that failure to allow the appeal would impair Defendants' substantial rights.
In Leonard, the Court held that although an appeal from the summary judgment in favor of the defendant, Kimberly B. Leonard, and the defendant, Industrial Federal Savings Bank, was interlocutory, the trial court's decision deprived the appellants of a substantial right which would be lost absent immediate review. The Court stated, "the same factual issues apply to all claims against the various defendants, and many of the elements and amount of damages alleged are identical in all counts against all parties." Id., 133 N.C.App. at 558, 515 S.E.2d at 912. The court explained, "[b]ecause several different proceedings may bring about inconsistent verdicts relating to the cause of plaintiffs' injuries, we find that plaintiffs have a substantial right to have the liability of all defendants determined in one proceeding, and therefore we address their appeal." Id. Defendants in the present case draw particular attention to the fact that in Leonard, the defendant, Kimberly B. Leonard, and the defendant, Mitchell H. Leonard, were husband and wife. The court in Leonard, however, did not base its conclusion that a substantial right was affected on the defendants' marital status, but rather, on the evidence in that particular case, stating, "the same factual issues apply to all claims against the various defendants[.]" Id.
In Burgess, the Court held that a substantial right was affected and stated, "this case involves multiple defendants but the same factual issues, and different proceedings may bring about inconsistent verdicts on those issues[.]" Id., 182 N.C.App. at 483, 642 S.E.2d at 481. Defendants place particular emphasis on the following sentence in Burgess: "Specifically, plaintiff's suit alleges multiple, overlapping acts of medical malpractice resulting in harm, and it is best that one jury hears the case." Id. (Emphasis added). Defendants interpret this in their brief to mean that the Court must allow review "even where the remaining issues of fact are not identical, but are merely overlapping." This argument fails. The law states that an appellant must show that "the same factual issues would be present in both trials." Leonard, 133 N.C.App. at 558, 515 S.E.2d at 912. Burgess reiterated, "this case involves multiple defendants but the same factual issues[.]" Id., 182 N.C.App. at 483, 642 S.E.2d at 481.
Here, Defendant Hoffman Builders, Defendant Randy Hoffman and Defendant Karen Hoffman signed separate Guarantees, which *777 made each Defendant jointly and severally liable for a default on the Note. Defendant Randy Hoffman and Defendant Karen Hoffman signed a Guarantee in their individual capacities[5] and not as agents of either Defendant Hoffman Builders or Defendant Hoffman Development. Despite Defendants' argument to the contrary, the record shows that the facts surrounding Defendant Karen Hoffman's agreement to guarantee the Note are different from the remaining Defendants, and those differences led the trial court to conclude there was a genuine issue of material fact surrounding one or more of Defendant Karen Hoffman's defenses[6] or counterclaims.[7] The following evidence of record pertains only to Defendant Karen Hoffman, and not to the other Defendants. When Defendant Karen Hoffman was asked in a deposition, "do you understand what you were guaranteeing when you signed that [document][,]" she replied, "I ... signed several things just whenever we were handling the property[.]" She stated, "I would just meet with the attorney, and he would show me what to sign." When asked, "Have you ever spoken with anyone at High Point Bank concerning the loan[,]" she said, "No." When asked again, "So no one at High Point Bank has ever discussed with you this transaction[,]" she again replied, "No." A third time in the deposition, she affirmed that she had never "spoken with anyone at High Point Bank concerning the loan that is the subject of this litigation[,]" and she did "not receive any benefit" for signing the document. These facts pertain only to Defendant Karen Hoffman. There is no evidence of record that Defendant Randy Hoffman or Defendant Hoffman Builders misunderstood the nature of the Guarantee, that Plaintiff failed to speak with Defendant Randy Hoffman or Defendant Hoffman Builders about the Guarantee or the Note, or that Defendant Randy Hoffman or Defendant Hoffman Builders did not receive a benefit from signing the Guarantee. Therefore, we conclude that the factual issues surrounding Plaintiff's claims against Defendant Karen Hoffman are not the same as the factual issues surrounding Plaintiff's claims against the remaining Defendants.
Defendants also cite Northwestern Bank v. Roseman, 81 N.C.App. 228, 344 S.E.2d 120 (1986), for the proposition that "the Bank's failures regarding [a wife] is evidence which is relevant to the claims and defenses by and against the Corporation and [the husband]." Roseman, however, does not stand for this proposition and is distinguishable from the present case. In Roseman, there was evidence of fraud and unfair and deceptive trade practices as to both husband and wife, including "evidence that [the bank's agent] willfully misled Mr. Roseman as to the contents of the package of ... contract documents[,]" Id., 81 N.C.App. at 234, 344 S.E.2d at 125, and evidence that the bank's agent "convinced Mr. Roseman's secretary ... to sign Angela Roseman's name to a personal guaranty of the debts ... without Ms. Roseman's authorization, consent or knowledge[,]" Id., 81 N.C.App. at 230, 344 S.E.2d at 122. Here, although the trial court concluded that the evidence forecast by Defendant Karen Hoffman created a genuine issue of material fact with regard to one or more of her defenses or counterclaims, there was no evidence of record to support those defenses or counterclaims with regard to Defendant Randy Hoffman or Defendant Hoffman Builders.
Lastly, even assuming the factual issues among the Defendants were the same, Defendants have failed to show the possibility of inconsistent verdicts.[8] Appellants generally state, without elaboration, "[t]here is a possibility of inconsistent judgments as to these identical claims and fact issues, which would result in prejudice to the Defendants if this appeal is not heard, without delay." Assuming *778 any number or combination of the three Defendants are ultimately adjudged responsible for the indebtedness arising from the Note, their liability is joint and several, and there can only be one satisfaction. "It is the general rule that, although judgments may be recovered against all persons participating in a single wrong, there can be only one full satisfaction or indemnity." Bowen v. Insurance Co., 270 N.C. 486, 492, 155 S.E.2d 238, 243 (1967) (citation omitted). We conclude that Defendants have not met their burden to show a possibility of inconsistent verdicts.
For the foregoing reasons, we conclude that Defendants' appeal is interlocutory, and the trial court's order on summary judgment does not deprive Defendants of a substantial right which would be lost absent immediate review. Therefore, we dismiss Defendants' appeal.
DISMISSED.
Judges STROUD and HUNTER, JR., concur.
Report per Rule 30(e).
NOTES
[1] Defendant Randy Hoffman signed the Guarantee of Defendant Hoffman Builders in his capacity as President of Defendant Hoffman Builders, and he signed a second Guarantee in his individual capacity.
[2] The highest bid at the foreclosure sale was $66,562.50.
[3] The trial court did not certify there is no just reason to delay the appeal pursuant to N.C. Gen. Stat. 1A1, Rule 54(b). Defendants argue that failure to allow the appeal would deprive them of a substantial right.
[4] See N.C. Gen.Stat. § 1-277 (2009), and N.C. Gen.Stat. 7A-27(d)(1) (2009).
[5] However, Defendant Randy Hoffman also signed a separate Guarantee in his official capacity as President of Hoffman Builders, Inc.
[6] Defendants' defenses included lack of consideration, release, estoppel, accord and satisfaction, waiver, and unclean hands.
[7] Defendants' counterclaims included breach of contract, conversion, unjust enrichment, and violation of N.C. Gen.Stat. § 75-1.1 (2009).
[8] "[T]he burden is on the appellant to present appropriate grounds for this Court's acceptance of an interlocutory appeal[.]" Romig, 132 N.C.App. at 685, 513 S.E.2d at 600.