An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-618

NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014


ROBERT KING, ANN KING, MARGARET
WHALEY and A. WILLIAM KING,
     Petitioners,

v.                                        Pender County
                                          No. 12 CVS 794
PENDER COUNTY, MARIANNE
ORR and ROBERT ORR,
      Respondents.


Appeal by petitioners from order entered 20 December 2012 by Judge Phyllis M. Gorham in Pender County Superior Court. Heard in the Court of Appeals 24 October 2013.


    *Shipman & Wright, LLP, by W. Cory Reiss and Matthew W. Buckmiller, for petitioners-appellants.*

    *Carl W. Thurman III for respondent-appellee Pender County.*

    *Murchison, Taylor & Gibson, PLLC, by Andrew K. McVey; and Law Offices of E. Holt Moore III, by E. Holt Moore, III for respondents-appellees Marianne Orr and Robert Orr.*


GEER, Judge.


Petitioners Robert King, Ann King, Margaret Whaley, and A. William King (collectively "the Kings") appeal from an order denying their petition for writ of certiorari to review the

decision of the Pender County Board of County Commissioners to grant consent to Marianne and Robert Orr to disinter and relocate the King family cemetery located on the Orrs' property. The order, however, leaves pending the Kings' request for a declaratory judgment and its motion for preliminary injunction and is, therefore, interlocutory. Because the Kings have failed to show that the order affects a substantial right that would be lost absent immediate review, we must dismiss this appeal as interlocutory.

### Facts

This matter arises out of a long-standing dispute concerning the King family cemetery located on the Orrs' property. A detailed factual background of the dispute may be found in *King v. Orr*, 209 N.C. App. 750, 709 S.E.2d 602, 2011 WL 532295, 2011 N.C. App. LEXIS 221 (2011) (unpublished) ("*King I*") and in a related appeal filed contemporaneously with this case, *King v. Orr*, COA13-621, ___ N.C. App. ___, ___ S.E.2d ___ (2014). The facts pertinent to this appeal are as follows.

The Orrs' property constitutes one tract of a much larger parcel of land that at one time in the early 1900s was owned by A.D. King and has since been divided among his heirs or otherwise sold. The Orrs purchased the property in 1990

pursuant to a general warranty deed. The cemetery is a part of the Orrs' yard and is directly across from their house.

The Orrs maintained the cemetery and allowed descendants to visit the cemetery without incident for 14 years. In 2004, however, the fence surrounding the cemetery fell into disrepair and a dispute arose between the Orrs and the Kings concerning the type of fence to be erected around the cemetery. On 28 February 2005, without the Orrs' permission, Robert King entered the property with a fence company and began installing a chain link fence. The Orrs asked Mr. King to leave, but he refused. The Orrs were forced to call the sheriff who asked Mr. King to leave. As a result of this incident, the Orrs withdrew their consent for the Kings to visit the cemetery and asked that Robert King go before the Pender County Clerk to determine his rights to the cemetery.

On 27 June 2005, the Kings filed a complaint initiating a special proceeding ("the special proceeding"), pursuant to N.C. Gen. Stat. § 65-75 (2005),[1] seeking an order allowing the Kings to enter the Orrs' property to restore, maintain, and visit the cemetery and to erect a suitable fence around the cemetery.

On 2 July 2007, the Kings filed a second complaint ("the civil action") seeking injunctive relief and a declaratory

---

[1]This provision was repealed in 2007 and is now found in N.C. Gen. Stat. § 65-102 (2013).

judgment, as well as asserting alternative claims for breach of contract and an action to quiet title. The complaint alleged that the Orrs bought their property subject to several of the Kings' property interests including (1) a 60-foot easement running along the edge of the Orrs' property leading to the cemetery, (2) a 12-foot road exception running along the western edge of the Orrs' property to a point in Topsail Sound known as Eden's Landing, and (3) the statutory rights of the Kings to access the cemetery. The complaint alleged that the Orrs had erected a gate that prevented the Kings from using the 60-foot easement and the 12-foot exception and sought a permanent injunction ordering the Orrs to remove the gate and to enjoin and restrain the Orrs from interfering with the Kings' use of the easements and access to the cemetery.

On 21 November 2007, the clerk of court entered an order in the special proceeding finding that the Kings are direct lineal descendants of at least one person interred in the cemetery and granting them the right to restore, maintain, and/or visit the cemetery, subject to certain restrictions. The order limited the Kings' access to the cemetery to the public roads until such time as the Kings' rights to the easement and the 12-foot road exception was finally determined in the civil action.

Thereafter, litigation of the civil action continued and, upon cross motions for summary judgment, the trial court entered an order on 7 August 2009 granting summary judgment in favor of the Kings. The Orrs appealed that order, which this Court affirmed in part and reversed and remanded in part in an opinion filed on 15 February 2011. *King I*, 2011 WL 532295 at *10, 2011 N.C. App. LEXIS 221 at *26. *King I* affirmed the trial court's ruling that Margaret Whaley possessed the right to use the 60-foot easement and the court's rulings regarding the boundaries of the cemetery. *Id.*, 2011 WL 532295 at *8, 2011 N.C. App. LEXIS 221 at *25. However, this Court remanded that case to the trial court for a determination of (1) the ownership of the 12-foot exception and (2) whether Robert, Ann, and A. William King had acquired an easement by implication. *Id.*, 2011 WL 532295 at *9, 2011 N.C. App. LEXIS 221 at *23.

On 1 September 2011, several months after *King I* was filed, Robert King and A. William King went to the Orrs' property to stake out the 60-foot easement from Margaret Whaley's property to the cemetery. They purported to be acting as agents of Ms. Whaley, the only person whose right to use the easement was judicially established by *King I*. They did not, however, offer any documents to substantiate their claim to have authority to act as Ms. Whaley's agent and indicated that their intent was to

clear out an area that extended beyond the boundaries established by *King I.* Ms. Orr, with the help of a deputy of the Pender County Sheriff's Department, directed the Kings to leave.

After this incident, the Orrs consulted with an archaeological surveyor and with faculty from the North Carolina School of Government to evaluate their options regarding the cemetery. The Orrs learned that N.C. Gen. Stat. § 65-106(a) (2013) provides a procedure by which any person "may effect the disinterment, removal, and reinterment of graves." The disinterment process may be effected "[b]y any person, firm, or corporation who owns land on which an abandoned cemetery is located after first securing the consent of the governing body of the municipality or county in which the abandoned cemetery is located." N.C. Gen. Stat. § 65-106(a)(4).

The Orrs decided to initiate the disinterment process and, in the spring of 2012, the Orrs contacted the Pender County Board of Commissioners to request consent to disinter the graves and remove the cemetery from their property. On 21 May 2012, the Board held a public hearing on the Orrs' request. Both the Orrs and the Kings were represented by counsel at the hearing and presented arguments to the Board. At the close of the hearing, the Board deferred its decision on whether to grant

consent to disinter for two months to allow the parties time to settle the dispute on their own. When the parties were unable to reach an agreement, the Board, on 23 July 2012, by a vote of 3-2, approved the Orrs' application to disinter the King Family Cemetery.

On 10 August 2012, the Kings filed a petition for writ of certiorari to review the decision of the Board, and, in the alternative, a request for a declaratory judgment. On 28 August 2012, the Kings, in the same action, filed a motion for a preliminary injunction to enjoin the Orrs from disinterring the cemetery. On 29 August 2012, the Orrs responded by filing a motion to deny issuance of a writ of certiorari on the ground that the decision by the Board was not quasi-judicial in nature.

On 17 September 2012, the trial court heard the parties' arguments regarding the issuance of a writ of certiorari in this case, as well as several motions in the related civil proceeding on remand from this Court. On 20 December 2012, the trial court entered an order denying the Kings' petition for writ of certiorari, concluding that "the action of the Commissioners is not quasi-judicial and therefore not properly subject to review pursuant to the statutory authorities cited by Plaintiffs in their Petition[.]" The Kings appealed this order to this Court.

## Discussion

As an initial matter, we must address whether we have jurisdiction to hear this appeal. Although both parties seem to assume that the denial of the petition for writ of certiorari was a final judgment, "[a] final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (internal citation omitted).

In this case, a review of the record reveals that the trial court's order is interlocutory. The Kings' pleading filed in superior court included both a petition for writ of certiorari and a "CLAIM FOR RELIEF," seeking, in the alternative, a declaratory judgment pursuant to N.C. Gen. Stat. § 1-253 *et seq.* "[i]n the event it is determined that the decision by the Pender County Commissioners is a 'legislative' decision . . . ." Additionally, on 28 August 2012, the Kings filed a motion for a preliminary injunction seeking to enjoin the Orrs from taking any action to disinter the graves until the issues raised by their complaint had been resolved.

At the 17 September 2012 hearing, counsel for the Kings stated that "all we're here today to do is to bring up the record of the proceedings before the Pender County Board of Commissioners such that a review of those proceedings by way of certiorari *or declaratory judgment, which we have also sought*, can be heard at another time." (Emphasis added.) The Kings' counsel later clarified further that

> [t]here is an alternative cause of action pled, and this does not go to the issuance of the writ of certiorari. The certiorari is only on the first claim for relief, not on the second. The second claim for relief alleges that the Court can appropriately resolve the matter under the declaratory judgment act on the theory that the action is legislative in nature.

The trial court's order denying issuance of the writ of certiorari on the basis that the Board's action was not quasi-judicial in nature thus triggered the need to address the Kings' alternative claim for relief. Because the order made no ruling with respect to the Kings' request for declaratory judgment or their motion for preliminary injunction, those claims remain pending and require further action by the trial court. The order is, therefore, interlocutory.

"Ordinarily, there is no right of immediate appeal from an interlocutory order." *Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338, *aff'd per curiam*, 360 N.C. 53, 619 S.E.2d

502 (2005). However, an interlocutory order "is immediately appealable if (1) the order is final as to some claims or parties, and the trial court certifies pursuant to N.C.G.S. § 1A-1, Rule 54(b) that there is no just reason to delay the appeal, or (2) the order deprives the appellant of a substantial right that would be lost unless immediately reviewed." *Myers v. Mutton*, 155 N.C. App. 213, 215, 574 S.E.2d 73, 75 (2002).

Here, the trial court made no Rule 54(b) certification, and the Kings have made no attempt to argue that the denial of the petition for writ of certiorari affects a substantial right that would be lost without an interlocutory appeal. In their Statement of the Grounds for Appellate Review, the Kings state only: "Judge Gorham's Order denying issuance of a Writ of Certiorari is a final judgment and appeal therefore lies to the Court of Appeals pursuant to N.C. Gen. Stat. § 7A-27(b)." Although all the parties acknowledge that the Kings sought both a petition for writ of certiorari and, in the alternative, a request for a declaratory judgment, the record contains no indication that the declaratory judgment claim for relief has been resolved, and the Kings have provided no explanation why this Court has jurisdiction over the interlocutory order denying the petition for writ of certiorari.

It is well established that "it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal[.]" *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). Because the Kings have failed to meet this burden, we dismiss this appeal as interlocutory.

Dismissed.

Judges STEPHENS and ERVIN concur.

Report per Rule 30(e).