GEER, Judge.
Plaintiff CommunityOne Bank appeals from an order dismissing, pursuant to Rule 12(b)(6) of the Rules of Civil Procedure, all claims against defendant guarantors Stephen D. Saieed and Dr. Howard F. Marks, Jr. on the grounds that the statute of limitations had expired. Plaintiff's claims against defendant Boone Station Partners, LLC, the maker of the promissory note and owner of the real property securing that note, remain pending. This appeal is, therefore, interlocutory. Because there has been no certification pursuant to Rule 54(b) of the Rules of Civil Procedure, and plaintiff has failed to meet its burden of showing that this appeal affects a substantial right that will be lost absent immediate appeal, we dismiss the appeal.
Facts
Plaintiff's amended complaint alleges the following. On 27 July 2007, Boone Station executed and delivered to plaintiff a promissory note in the amount of $7,910,921.26. On the same date, Boone Station executed and delivered to plaintiff a deed of trust on specified property securing the note, and defendants Saieed and Marks individually signed guaranties of the note. On 24 April 2009, Boone Station executed a Renewal Note ("the Note") increasing the loan principle to $9,605,000.00. Contemporaneously with the execution of the Renewal Note, defendant Marks entered into an additional guaranty. Subsequently, defendant Boone Station executed and delivered to plaintiff a Forbearance Agreement in which Boone Station acknowledged that it had defaulted on the Note, but agreed to pay the balance by 15 August 2010. Boone Station failed to pay the outstanding balance as provided in the Forbearance Agreement.
At plaintiff's request, the substitute trustee under the Deed of Trust instituted a special proceeding, Watauga County 11-SP-45, to foreclose on the real property as set forth in the deed of trust. On 10 June 2011, the property was sold at a public auction to the last and highest bidder for a price of $5,100,000.00. This amount was insufficient to extinguish the amount due and owing on the Note.
Meanwhile, on 10 May 2011, defendant Marks filed for Chapter 11 bankruptcy protection. On 15 June 2011, defendant Saieed executed and delivered to plaintiff an Agreement and Release in which he agreed to pay $20,000.00 to plaintiff by 1 August 2011 in full and final settlement of his debt obligation under the Note, Renewal, Deed of Trust, Forbearance Agreement and Guaranty Agreement. Defendant Saieed failed to pay the settlement amount on or before 1 August 2011, and defendant Marks' bankruptcy case was dismissed on 10 August 2012.
On 17 October 2013, plaintiff initiated this lawsuit against defendants to recover the balance remaining on the Note following the foreclosure sale. On 8 November 2013, defendants Saieed and Marks moved pursuant to Rule 12(b)(6) to dismiss the claims asserted against them on the grounds that they were barred by the statute of limitations. On 30 December 2013, plaintiffs filed an amended complaint, alleging the facts as described above. On 4 February 2014, defendants Saieed and Marks filed their answer and again moved to dismiss.
After a hearing on 3 March 2014, the trial court entered an order on 28 March 2014 granting defendants Saieed and Marks' motion to dismiss on the grounds that the statute of limitations on the claims against them had expired. Plaintiff appealed the order to this Court.
Discussion
Initially, we must address this Court's jurisdiction to hear this appeal. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Veazey v. City of Durham,231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). The order appealed from in this case is interlocutory because it leaves pending plaintiff's claims against Boone Station.
Generally, there is no right to appeal from an interlocutory order unless (1) the trial court certified the order for immediate appeal under Rule 54(b) of the Rules of Civil Procedure, or (2) the order affects a substantial right that would be lost without immediate review. Myers v. Mutton,155 N.C.App. 213, 215, 574 S.E.2d 73, 75 (2002). Here, the trial court did not make a Rule 54(b) certification. Consequently, this Court has jurisdiction over this appeal only if " 'the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.' " Jeffreys v. Raleigh Oaks Joint Venture,115 N.C.App. 377, 379, 444 S.E.2d 252, 253 (1994) (quoting Southern Uniform Rentals, Inc. v. Iowa Nat'l Mut. Ins. Co.,90 N.C.App. 738, 740, 370 S.E.2d 76, 78 (1988) ).
Plaintiff argues that a substantial right exists because "[t]he remaining claim involves the same factual issues that are present" in the claims on appeal "[t]hus, creating the possibility of inconsistent verdicts on the same issues." While the claims against Boone Station that are still pending may involve the same factual issues as the claims on appeal, plaintiff has failed to show, given the nature of the claims, any possibility of inconsistent verdicts.
"According to clearly-established North Carolina law, a party's preference for having all related claims determined during the course of a single proceeding does not rise to the level of a substantial right." Hamilton v. Mortg. Info. Servs., Inc.,212 N.C.App. 73, 79, 711 S.E.2d 185, 190 (2011). A substantial right is only affected when "(1) the same factual issues would be present in both trials and(2) the possibility of inconsistent verdicts on those issues exists." N.C. Dep't of Transp. v. Page,119 N.C.App. 730, 736, 460 S.E.2d 332, 335 (1995) (emphasis added). Pertinent to this case, "[t]he mere fact that claims arise from a single event, transaction, or occurrence does not, without more, necessitate a conclusion that inconsistent verdicts may occur unless all of the affected claims are considered in a single proceeding." Hamilton,212 N.C.App. at 80, 711 S.E.2d at 190.
In this lawsuit, plaintiff seeks to recover the balance remaining on a promissory note, executed by Boone Station as borrower and guaranteed by defendants Saieed and Marks, following a foreclosure sale of the property securing the debt that was insufficient to extinguish the debt. The trial court granted defendants Saieed and Marks' Rule 12(b)(6) motion to dismiss the claims against them on the grounds that the statute of limitations period had expired. Although Boone Station also moved to dismiss on the grounds that the statute of limitations had expired, its motion remains pending in the trial court.
Even if the claims against Boone Station and against defendant guarantors arise out of the same set of facts, plaintiff has failed to cite any authority showing a risk of inconsistent verdicts in the absence of an interlocutory appeal. Defendant guarantors' liability to plaintiff arises out of their guaranty contracts. As this Court has explained:
A guaranty of payment is an absolute promise by the guarantor to pay a debt at maturity if it is not paid by the principal debtor. This obligation is independent of the obligation of the principal debtor,"and the creditor's cause of action against the guarantor ripens immediately upon the failure of the principal debtor to pay the debt at maturity."
Gillespie v. DeWitt,53 N.C.App. 252, 258, 280 S.E.2d 736, 741 (1981) (emphasis added) (quoting Inv. Props. v. Norburn,281 N.C. 191, 195, 188 S.E.2d 342, 345 (1972) ). Boone Station's liability to plaintiff, in contrast, is based upon separate contracts: the promissory notes and the deed of trust on Boone Station's property securing the notes.
This Court has held that there was no risk of inconsistent verdicts where the claims asserted against the defendants arose out of "separate and distinct contract[s]" and involved differing legal duties owed to the plaintiff. Myers v. Barringer,101 N.C.App. 168, 173, 398 S.E.2d 615, 618 (1990) (holding in medical malpractice action that appeal of order granting summary judgment as to one but not all defendants was premature). Here, as in Myers,the claims arise from separate contracts and duties of the defendants. Plaintiff nonetheless argues that a possibility of inconsistent verdicts exists because although Boone Station's liability has not been determined yet, defendant guarantors have asserted defenses predicated on Boone Station's not being liable for any deficiency following the foreclosure sale.
In other words, it appears that plaintiff is contending that Boone Station could be found liable, but defendant guarantors would, as part of their defense, still be entitled to argue that Boone Station is not liable. Plaintiff, however, has pointed to nothing in the guaranties and has cited no cases suggesting that defendant guarantors could relitigate Boone Station's liability if, following entry of a final judgment, plaintiff appealed and obtained a reversal of the order dismissing its claims against defendant guarantors. Indeed, the sole case cited by plaintiff as support for this interlocutory appeal dismissed an appeal as interlocutory when the appellant, in the res judicata context, had similarly claimed a possibility of inconsistent verdicts but had failed to demonstrate that such a possibility actually existed. See Heritage Operating, L.P. v. N.C. Propane Exch., LLC,219 N.C.App. 623, 630, 727 S.E.2d 311, 316 (2012) (concluding that appeal did not affect substantial right and dismissing it).
It is well established that "it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal [.]" Jeffreys,115 N.C.App. at 379, 444 S .E.2d at 253. Plaintiff has failed to show that, under the circumstances of this case, the order affects a substantial right that would be lost absent an immediate appeal. Accordingly, we dismiss the appeal. See High Point Bank & Trust Co. v. Hoffman Builders, Inc.,212 N.C.App. 419, 711 S.E.2d 774, 77778, 2011 N.C.App. LEXIS 1048, at *13 (2011) (unpublished) (in action against note maker and its guarantors to recover unpaid balance on note, dismissing as interlocutory appeal of trial court's order granting plaintiff's motion for summary judgment as to two out of three guarantors where defendants-appellants failed to show a possibility of inconsistent verdicts because "[a]ssuming any number or combination of the three Defendants are ultimately adjudged responsible for the indebtedness arising from the Note, their liability is joint and several, and there can only be one satisfaction").[1]
DISMISSED.
Judges STEPHENS and DILLON concur.
Report per Rule 30(e).
Opinion
Appeal by plaintiff from order entered 28 March 2014 by Judge Phyllis M. Gorham in New Hanover County Superior Court. Heard in the Court of Appeals 22 January 2015.

We recognize that High Point Bank is unpublished, and therefore not binding on this Court. However, we find its reasoning persuasive.