H. M. AVENT v. D. W. MILLARD AND GERTRUDE MILLARD.

(Filed 28 February, 1945.)

**1. Trial § 22a—**

The power of the Superior Court to grant an involuntary nonsuit is altogether statutory and did not exist prior to 1897, and therefore the requirement of the statute, now G. S., 1-183, must be strictly followed.

**2. Same—**

Where defendant fails to move for judgment as of nonsuit at the close of the plaintiff's evidence, his motion therefor at the close of all the evidence cannot be granted, the right to demur to the evidence having been waived.

APPEAL by plaintiff from *Rudisill, Special Judge,* at September Term, 1944, of NASH.

Action to recover damages alleged to have been negligently caused in a collision between a Lafayette automobile driven by the plaintiff, H. M. Avent, and a Ford automobile of the male defendant, D. W. Millard, driven by the *feme* defendant, Gertrude Millard, in the city of Rocky Mount on 8 January, 1944. The court entered judgment wherein it is recited "At the close of all the evidence the defendants and each of them lodged motion for judgment as of nonsuit. After a discussion said judgment as of nonsuit as to both defendants is allowed." An examination of record discloses that when the plaintiff had introduced his evidence and rested his case the defendants lodged no motion for dismissal or for judgment as in case of nonsuit, but introduced their evidence, and after all the evidence on both sides was in lodged motion for judgment as of nonsuit. This motion was allowed, and judgment accordant therewith was entered. To this action of the court the plaintiff objected, excepted and appealed to the Supreme Court, assigning errors.

*Keel & Keel for plaintiff, appellant.*
*J. W. Grissom for defendants, appellees.*

PER CURIAM. The power of the Superior Court to grant an involuntary nonsuit is altogether statutory and did not exist prior to the passing of the statute in 1897 (Hinsdale Act), *Riley v. Stone,* 169 N. C., 421, 86 S. E., 348; and since the allowance of a motion for judgment as of nonsuit is thus based upon purely statutory grounds, the requirement of the statute, now G. S., 1-183, must be strictly followed. Therefore, where a defendant fails to move for a judgment as of nonsuit at the close of the plaintiff's evidence, his motion therefor at the close of all the

evidence cannot be granted, as the right to demur to the evidence is waived.   *Jones v. Insurance Co.,* 210 N. C., 559, 187 S. E., 769.

The defendants having failed to lodge their motion for dismissal of the action and for a judgment as in case of nonsuit when the plaintiff had introduced his evidence and rested his case, the granting of such a motion after all the evidence on both sides was in was unauthorized and error, for which the judgment below must be

Reversed.