HOLLINGSWORTH GMC TRUCKS, INC., A NORTH CAROLINA CORPORATION, v. RALPH LAMUEL SMITH.

(Filed 25 March, 1959.)

**1. Appeal and Error § 3—**

An appeal does not lie immediately from the denial of a motion to nonsuit, but movant may note an exception for consideration on appeal from final judgment. G.S. 1-183.

**2. Trial § 21—**

While motion to nonsuit presents a question of law to be decided by the judge before verdict, the court's ruling on the motion is *in fieri* during the trial, and the court may change his ruling thereon at any time before the verdict is in.

**3. Appeal and Error § 46—**

A mere recital in an order that it is entered in the exercise of the court's discretion does not make it a discretionary matter, and a ruling on a matter of law is, as a rule, not discretionary.

**4. Appeal and Error § 3—**

The court granted nonsuit on defendant's counterclaim, but after the jury's failure to reach a verdict on plaintiff's action, withdrew a juror, ordered a mistrial, and set aside the nonsuit on the counterclaim. *Held:* Although the striking out of the nonsuit involved a question of law, the court had the right to change his ruling on the motion any time before verdict, and therefore the exercise of such right could not affect a substantial right of plaintiff, and the action of the court is not appealable.

**5. Appeal and Error §§ 2, 7—**

Whether the Court will consider a demurrer *ore tenus* upon a fragmen-

tary appeal is a matter in its discretion, and the Court will ordinarily refuse to do so when a discussion of the merits would give a party a preview of the case before the trial.

APPEAL by plaintiff from *Froneberger, J.,* August, 1958, "A" Term of MECKLENBURG.

The action was instituted on 26 September, 1957, by issuance of summons and claim and delivery proceedings and filing of complaint.

The complaint alleges that defendant defaulted in payment of the balance of the purchase price of a motor tractor, of the type used in a tractor-trailer tandem for transportation of goods on the highways, that plaintiff is entitled to possession of the tractor under the terms of a conditional sales contract executed by defendant, and that plaintiff is entitled to recover damages for failure of defendant to procure casualty insurance on said tractor as per alleged agreement.

The defendant answered and denied the alleged indebtedness and claim for damages. For a further defense he alleged that plaintiff had warranted said tractor against defects for 30 days and had knowingly and falsely represented that the tractor had been "renewed" and all "worn and defective parts" had been replaced, that said tractor was unfit for use and there was a total failure of consideration. For a counterclaim he alleged that, because of the defective condition of the tractor, it wrecked while in use and injured defendant, that his personal injuries resulted proximately from the fraudulent representations of plaintiff and plaintiff's failure to put the tractor in good condition, as it had been represented to be, and that defendant is entitled to recover the sum paid by him at the time the tractor was purchased and for personal injuries received by him.

Plaintiff replied and denied the allegations of the further defense and counterclaim.

There was a jury trial. When all the evidence was in, plaintiff moved for a judgment as of nonsuit as to defendant's counterclaim for damages for personal injuries. The motion was allowed. Upon the remaining issues the jury was unable to agree on a verdict and the Judge withdrew a juror and declared a mistrial.

The Judge made an order, the pertinent portions of which follow: ". . . it appearing to the Court at the close of all of the defendant's evidence on the cross-action for personal injuries that a judgment as of nonsuit should be entered as to personal injuries alleged to have been caused by the plaintiff, as alleged in the defendant's cross-action, accordingly a judgment of nonsuit was entered as to the defendant's cross-action for personal injuries.

"That issues were submitted to the jury. . . .

"That the jury was unable to agree and the Court in its discretion withdrew a juror and declared a mistrial.

"Whereupon, on motion of the defendant, after hearing arguments of counsel for both parties, the court in its discretion hereby sets aside the aforesaid order of nonsuit entered at the close of the defendant's evidence.

"This case is retained and ordered placed again upon the civil docket for trial. . . ."

From the foregoing order setting aside the order of nonsuit as to defendant's counterclaim for personal injuries, plaintiff appealed.

*Bell, Bradley, Gebhardt & DeLaney and Jones & Small for plaintiff, appellant.*

*Fred H. Hasty and Richard M. Welling for defendant, appellee.*

MOORE, J. The defendant in apt time moved to dismiss the appeal on the ground that it is fragmentary and the record contains no final judgment from which an appeal will lie.

Plaintiff contends that on a motion to nonsuit the sufficiency of the evidence to carry the counterclaim to the jury is a question of law and not a matter of discretion, and, once the motion has been allowed, an order setting aside the ruling is a final judgment on a question of law from which an appeal will lie.

In the first place, the effect of the Judge's order is the same as if the motion to nonsuit the counterclaim had been denied in the first instance. With respect to the counterclaim the plaintiff is defendant. The statute makes no provision for an immediate appeal from a denial of a motion to nonsuit. "Defendant . . . may make such motion at the conclusion of the evidence of both parties. . . . If the motion is refused and after the jury has rendered its verdict the defendant may on appeal urge as ground for reversal the trial court's denial of his motion. . . ." G.S. 1-183. Since the allowance of a motion for judgment as of nonsuit is based on purely statutory grounds, the provisions of the statute will be strictly followed. *Avent v. Milland,* 225 N.C. 40, 33 S.E. 2d 123. No appeal lies from a refusal to dismiss an action. *Johnson v. Insurance Co.,* 215 N.C. 120, 1 S.E. 2d 381. The movant may note an exception, allow the case to proceed, and then, if dissatisfied with the final result, the matter may be considered on the appeal from the final judgment. *Bradshaw v. Bank,* 172 N.C. 632, 90 S.E. 789.

"An appeal may be taken from every judicial order or determina-

tion of a judge of a superior court, upon or involving a matter of law or legal inference, whether made in or out of term, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial." G.S. 1-277; *Veazey v. Durham,* 231 N.C. 354, 57 S.E. 2d 377.

It is insisted that if the order is permitted to stand in the instant case the plaintiff will lose a substantial legal right.

It is true that the question presentd by a motion to nonsuit is one of law. *Ward v. Smith,* 223 N.C. 141, 25 S.E. 2d 463. The question of the sufficiency of the evidence to carry the case to the jury must be decided by the Judge before the verdict, and after the verdict the case may not be dismissed by way of nonsuit for insufficiency of the evidence. *Temple v. Temple,* 246 N.C. 334, 98 S.E. 2d 314. In the instant case there was no verdict. The jury could not agree and a mistrial was declared.

"A judgment or order rendered by a judge of the Superior Court in the exercise of a discretionary power is not subject to review by appeal to the Supreme Court in any event, unless there has been an abuse of discretion on his part." *Veazey v. Durham, supra.* A mere recital in an order that it is entered in the exercise of the court's discretion does not necessarily make the subject of the order a discretionary matter. *Poovey v. Hickory,* 210 N.C. 630, 188 S.E. 78. Rulings of the court on matters of law are as a rule not discretionary. McIntosh, North Carolina Practice and Procedure (Second Edition), Vol. 2, Sec. 1782 (4), p. 209.

However, this Court has held that a motion for judgment as of nonsuit is *in fieri* until the rendition of a verdict. *Bruton v. Light Co.,* 217 N.C. 1, 6 S.E. 2d 822. In the *Bruton* case the court denied motions to nonsuit made at the close of plaintiff's evidence and at the close of all the evidence. During arguments to the jury the court allowed the motion. On appeal plaintiff contended that the Judge had no power to grant the motion after having refused to do so at the close of the evidence. The decision of this Court was in effect that the Judge might change his ruling at any time before the verdict was in.

Conceding that the order of Judge Froneberger setting aside his former ruling involved a question of law, still it did not affect a substantial right. A litigant has no right to require the judge to refrain from doing that which he has a right to do.

"A judgment is *in fieri* during the term at which it is rendered and the judge, *non constat* notice of appeal, may modify, amend, or set

it aside at any time during the term. (citing authorities)." *Hoke v. Greyhound Corp.*, 227 N.C. 374, 42 S.E. 2d 407. "Until the expiration of the term the orders and judgments of the court are *in fieri*, and the judge has power, in his discretion, to make such changes and modifications in them as he may deem wise and appropriate for the administration of justice, . . ." *S. v. Godwin*, 210 N.C. 447, 187 S.E. 560.

A superior court judge has little opportunity for prolonged deliberation upon many matters involving competency of evidence, legal principles and inferences of law which arise during a trial. He must, of necessity, make immediate rulings on the questions before him in order that trials may progress with reasonable celerity. To hold that he could not in the interest of justice change, modify or reverse a ruling during the progress of a trial and, in proper cases, during term, would be to require infallibility. As was said by one of the Justices when this case was argued in this Court, to hold a superior court judge to such a standard would be tantamount to placing him in a straightjacket.

The causes coming before the judge are in the bosom of the court during term time. So long as his orders, judgments and rulings do not fall within the classifications set out in G.S. 1-277, no appeal therefrom will lie. The order in the case at bar is not appealable.

The instant case will stand upon the civil issues docket as though it had not been tried before Judge Froneberger and as though he had made no orders or rulings therein, so far as the retrial is concerned.

In the Supreme Court, for the first time, the plaintiff interposed a demurrer *ore tenus* to the defendant's counterclaim for personal injuries.

The Court may, in its discretion, on a fragmentary appeal, express an opinion upon the merits. *Burgess v. Trevathan*, 236 N.C. 157, 72 S.E. 2d 231. Or it may refuse to do so. *Thomas v. Carteret County*, 180 N.C. 109, 104 S.E. 75; *Chambers v. Railway Co.*, 172 N.C. 555, 90 S.E. 590. This Court will ordinarily refuse when a discussion of the merits would give a party a preview of the case before the trial. We have carefully read and considered the evidence and pleadings in this case and, in the exercise of the Court's discretion, we decline to pass upon the demurrer *ore tenus*. This, without prejudice.

Appeal dismissed.