IN THE SUPREME COURT OF NORTH CAROLINA

No. 399PA16

Filed 1 February 2019

In re Appeal of the Fee Award of the North Carolina Industrial Commission in N.C.I.C. Nos. W82780 & W98474

KEITH SAUNDERS

v.

ADP TOTALSOURCE FI XI, INC.,
        Employer,

LIBERTY MUTUAL/HELMSMAN MANAGEMENT SERVICES,
        Carrier


On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 249 N.C. App. 361, 791 S.E.2d 466 (2016), vacating and remanding an order entered on 4 September 2015 by Judge Alan Z. Thornburg in Superior Court, Buncombe County that reversed in part an opinion and award filed on 23 February 2015 by the North Carolina Industrial Commission.  Heard in the Supreme Court on 27 August 2018.

*The Sumwalt Law Firm, by Mark T. Sumwalt, Vernon Sumwalt, and Lauren H. Walker; and Grimes Teich Anderson, LLP, by Henry E. Teich, for plaintiff-appellant.*

*Hedrick Gardner Kincheloe & Garofalo LLP, by M. Duane Jones, Kari L. Schultz, and Linda Stephens, for defendant-appellees.*

HUDSON, Justice.

Plaintiff Keith Saunders appealed the Opinion and Award of the North Carolina Industrial Commission (the Commission), which declined to award certain

attorney's fees to plaintiff's attorneys, to the Superior Court in Buncombe County pursuant to N.C.G.S. § 97-90(c). The superior court reversed the Commission's decision and ordered attorney's fees to be paid to plaintiff's attorneys from the reimbursement for retroactive attendant care medical compensation that the Commission had awarded to plaintiff. Both plaintiff and defendants ADP TotalSource Fi Xi, Inc. and Liberty Mutual/Helmsman Management Services, appealed from the superior court's order. On appeal, the Court of Appeals vacated the superior court's order and remanded the matter to the court for further remand to the Commission, holding that the superior court exceeded the "narrow scope" of its statutory authority to review the reasonableness of a Commission's fee award under N.C.G.S. § 97-90(c) by taking and considering new evidence that was not presented before the Commission. *Saunders v. ADP TotalSource Fi Xi, Inc.*, 248 N.C. App. 361, 376, 791 S.E.2d 466, 477-78 (2016). Because we conclude that N.C.G.S. § 97-90(c) authorizes the superior court to consider additional evidence and exercise its "discretion" in reviewing the reasonableness or setting the amount of attorney's fees, we reverse.

## Background

Plaintiff was employed as a bartender for defendant-employer when on 6 March 2010 and 7 July 2010 he sustained two work-related injuries by accident to his lower back. On 15 October 2010, defendants filed a Form 60 with the North Carolina Industrial Commission, in which they accepted plaintiff's claim as

compensable under the Workers' Compensation Act (the Act) and described the injury as "extruded disk herniation left side L4-5." On 21 October 2010, plaintiff underwent back surgery performed by Stephen David, M.D. "involving L4 and L5-S1 laminectomies, bilateral partial medial facetectomies, and bilateral foraminotomies with discectomy." In spite of his surgery, as well as extended physical therapy, plaintiff continued to experience "severe disabling pain" and he developed left foot drop and "reflex sympathetic dystrophy (RSD), or complex regional pain syndrome (CRPS)."

On 3 November 2010, plaintiff retained Henry E. Teich to represent him before the Commission. Plaintiff and Mr. Teich entered into a fee agreement that provided Mr. Teich's law firm a contingency fee of "25% of any recovery as Ordered by the North Carolina Industrial Commission." At the time of this agreement, there were no issues involving attendant care or home modification. Plaintiff and Mr. Teich later supplemented this agreement to provide for an attorney's fee of 25% of ongoing temporary total disability payments. On 23 April 2012, the Commission filed an order approving this arrangement through which Mr. Teich's firm received every fourth temporary total disability check due plaintiff.

Plaintiff's deteriorating medical condition resulted in his "suffer[ing] several falls or near-falls, . . . which place him at a significant[ly] increased risk of suffering a fall," and plaintiff was ultimately rendered incapable of "perform[ing] activities of daily living or otherwise liv[ing] independently." Multiple medical providers

recommended that plaintiff install safety equipment and assistance devices in his home and that he receive attendant care medical services. Defendants received notice of plaintiff's attendant care needs at least as of January 2012, and they agreed to provide attendant care to plaintiff starting on 4 February 2012, but they conditioned continued payments for attendant care upon being allowed to take depositions of two of plaintiff's doctors without an evidentiary hearing. Following a dispute about the depositions, defendants ceased providing attendant care payments to plaintiff on 8 May 2012. In the absence of continued attendant care provided by a home health agency, plaintiff's then-partner and now-husband, Glenn Holappa, began providing the necessary attendant care services to plaintiff on a daily basis.

In June 2012, with the consent of plaintiff and Mr. Holappa, Mr. Teich associated Mark T. Sumwalt and The Sumwalt Law Firm to assist in litigating the attendant care issues in plaintiff's claim. Mr. Teich had associated Mr. Sumwalt in previous workers' compensation cases involving attendant care issues because of Mr. Sumwalt's significant experience and expertise in attendant care litigation. On 7 January 2013, plaintiff filed a Form 33 requesting a hearing before the Commission because "defendants are refusing to pay compensation for attendant care services." Plaintiff's counsel extensively litigated the attendant care issues, as well as issues "pertaining to home modifications, equipment needs, prescription medications, and psychological treatment." Plaintiff sought, *inter alia*, ongoing future attendant care through a home health care agency and retroactive compensation for the attendant

care services provided by Mr. Holappa following defendants' refusal to provide attendant care beyond 8 May 2012. Defendants denied any compensation for past attendant care, future attendant care, and psychological treatment.

Deputy Commissioner J. Brad Donovan heard the matter on 19 March 2013. On 23 December 2013, Deputy Commissioner Donovan entered an "Opinion and Award in which he awarded retroactive attendant care compensation to Plaintiff's family for eight hours per day, seven days per week, at a rate of $18.00 per hour, and ongoing attendant care compensation for eight hours per day, seven days per week at a rate of $18.00 per hour." Moreover, Deputy Commissioner Donovan "approved a reasonable attorneys' fees [sic] of 25% of the value of the retroactive attendant care services provided by Plaintiff's family from May 8, 2012 to December 23, 2013, which were payable to plaintiff and/or his family." Defendants appealed to the Full Commission, which heard the case on 15 May 2014.

On 23 February 2015, the Full Commission issued an "Opinion and Award in which it awarded retroactive attendant care compensation to Mr. Holappa, for six hours per day, seven days per week, at a rate of $10.00 per hour, and ongoing attendant care compensation through a home health agency for eight hours per day, seven days per week." The Commission found that because plaintiff had not paid Mr. Holappa for the attendant care services he provided, "any payment for retroactive attendant care services should be paid to the provider in the first instance, i.e., Mr. Holappa, as opposed to plaintiff as reimbursement for what he paid out of pocket."

Furthermore, the Commission found that "[t]he only attorney fee agreement of record at the Industrial Commission is the one entered into between Grimes & Teich, L.L.P. and plaintiff." With regard to the attorney's fee of twenty-five percent of the reimbursement for retroactive attendant care compensation, the Commission concluded:

> In the case at bar, the Full Commission finds and concludes that the fee agreement between plaintiff and plaintiff's counsel is reasonable, as is the attorney fee plaintiff's counsel has received and will continue to receive from plaintiff's ongoing indemnity compensation. However, "[m]edical and hospital expenses which employers must provide pursuant to N.C.G.S. § 97-25 are not a part of 'compensation' as it always has been defined in the Workers' Compensation Act." *Hyler v. GTE Products Co.*, 333 N.C. 258, 264, 425 S.E.2d 698, 702 (1993) (citation omitted). "[T]he relief obtainable as general 'compensation' is different and is separate and apart from the medical expenses recoverable under the Act's definition of 'medical compensation." *Id.* at 265, 425 S.E.2d at 703. There is no evidence of a fee agreement between plaintiff's counsel and any of plaintiffs medical providers, including Mr. Holappa. The Full Commission concludes that to the extent plaintiff's counsel's fee agreement with plaintiff, and specifically the phrase "any recovery," could be interpreted to include medical compensation, it is unreasonable under the facts of this case. The Full Commission therefore declines to approve an attorney fee for plaintiff's counsel out of the medical compensation which defendants have been ordered to pay to Mr. Holappa.

Plaintiff appealed the Commission's denial of attorney's fees to the Superior Court in Buncombe County pursuant to N.C.G.S. § 97-90(c), which authorizes the senior resident superior court judge to "consider the matter and determine in his

discretion the reasonableness of said agreement or fix the fee" in situations in which there is an agreement and "[i]n all other cases where there is no agreement for fee or compensation . . . [to] consider the matter of such fee and determine in his discretion the attorneys' fees to be allowed in the cause." On 27 April 2015, defendants filed a motion to intervene, which was allowed by the superior court.

After a hearing, the superior court entered an order on 25 August 2015, followed by an amended order on 4 September 2015 in order to cure an ambiguity in the final paragraph of the initial order. The superior court reversed the Commission's denial of attorney's fees from the reimbursement for retroactive attendant care medical compensation. In its order, the superior court found, in pertinent part:

> 7. With the knowledge and approval of Plaintiff and Mr. Holappa, attorney Mark T. Sumwalt and his firm The Sumwalt Law Firm were subsequently associated to assist in litigating the attendant care issues that had arisen in Plaintiff's claim as a result of Defendants' refusal to voluntarily provide the recommended attendant care to Plaintiff and compensate Mr. Holappa for the attendant care services he provided to Plaintiff.

> 8. Mr, Holappa, through Plaintiff's counsel, submitted an affidavit to this Court in which he stated that he consented and agreed to Plaintiff's counsel's pursuit of such recovery on his behalf with the understanding and desire that any recovery made on his behalf through Plaintiff's workers' compensation claim would be subject to the 25% fee previously agreed to in the retainer agreement.

> 9. Mr. Sumwalt was associated in approximately June 2012, and litigation commenced with the clear understanding of all parties involved that any

compensation recovered on behalf of Mr. Holappa for providing attendant care services to Plaintiff would be subject to the previously agreed upon amount of 25% of any benefits ordered by the Industrial Commission, in accordance with the parties' retainer agreement contract.

. . . .

13.    Plaintiff's counsel did not request fees from the home modifications, equipment needs, prescription medications, or compensation for psychological treatment that Plaintiff's counsel obtained on Plaintiff's behalf through litigation, despite the significant monetary value of these awards. Plaintiff's counsel requested an attorneys' fee only from the attendant care compensation obtained for Mr. Holappa in accordance with the retainer agreement.

. . . .

20.    At the hearing in this matter, Mr. Sumwalt represented to this Court that his firm has invested over 500 hours of attorney time in this case and over $13,000.00 in litigation costs.

21.    As a result of Mr. Sumwalt's and Mr. Teich's representation, Mr. Holappa recovered over $61,000.00 in retroactive attendant care compensation.

. . . .

26.    Neither Plaintiff nor Defendants were able to cite any case where the Industrial Commission failed to award an attorneys' fee from retroactive family member-provided attendant care compensation.

From its findings of fact, the court made the following conclusions of law:

3.    In reaching its decision, this Court considered, with regard to the efforts of Mr. Teich and Mr. Sumwalt to achieve an award for retroactive attendant care services, the following: the significant time

investment of the attorneys, the amount involved, the favorable results achieved, the contingent nature of the fee retainer agreement, the customary nature of the 25% fee for similar services, the specialized skill level and significant experience of Mr. Sumwalt in the area of attendant care service recovery, and the appropriate and necessary nature of the attorneys' services given the Defendant[s'] denial of the claim. N.C. Gen. Stat. § 97-90(c).

4. After consideration of these factors, this Court determined that Mr. Sumwalt performed significant legal services and expended substantial sums in litigation costs in this matter, which services and costs were necessary and essential to the prosecution of Plaintiff's case and the achievement of the award for retroactive attendant care services.

5. This Court therefore concludes that Plaintiff's counsel's fee agreement of "25% of any recovery as Ordered by the North Carolina Industrial Commission" is reasonable.

. . . .

7. This Court does not find Defendants' argument that [*Palmer v. Jackson*] prohibits an award of attorneys' fees from retroactive family member-provided attendant care compensation to be persuasive. In Palmer, the plaintiff's attorneys did not have a fee agreement with, or the consent of, the medical provider in that case (a hospital) to pursue the recovery of its fees, and the hospital objected to having to pay an attorneys' fee from the fees that the plaintiff's attorneys recovered on the hospital's behalf outside of an attorney-client relationship. Those are not the facts of the instant case. Plaintiff's counsel had the consent of and a fee agreement with both Plaintiff and Mr. Holappa.

. . . .

9. Awards of the value of retroactive attendant care services are not prohibited, and neither are reasonable attorneys' fees based on such awards.

Accordingly, the court "in its discretion, determine[d] that a reasonable attorney's fee for the retroactive attendant care compensation recovered [on] Mr. Holappa's behalf for services he provided to Plaintiff is 25% and shall therefore be allowed." Both parties appealed to the Court of Appeals.[1]

At the Court of Appeals, defendants argued that the superior court did not have subject-matter jurisdiction to review the Commission's denial of attorney's fees because N.C.G.S. § 97-90(c) limits the superior court solely to reviewing the reasonableness of an attorney's fee under an explicit or implied fee agreement between an attorney and a claimant that was presented to the Commission for approval. Defendants asserted that the only fee agreement presented to the Commission here was between plaintiff and his counsel and that the superior court therefore lacked the authority to consider new affidavits and to review the reasonableness of a purported implied agreement between plaintiff's counsel and Mr. Holappa that had not been presented to the Commission. In the alternative,

---

[1] On appeal, plaintiff argued that the superior court erred in granting defendants' motion to intervene and that defendants lacked standing to challenge a contract to which they were not a party. The Court of Appeals determined that the superior court did not err in allowing defendants' motion to intervene and that defendants did have standing to challenge the superior court's order on appeal. *Saunders*, 249 N.C. App. at 364-69, 791 S.E.2d at 471-74. Plaintiff raised these issues in his petition for discretionary review, but this Court did not allow review of these issues and they are therefore not before this Court.

defendants argued that the Act does not allow attorney's fees to be paid out of medical compensation.

The Court of Appeals examined the language and legislative history of N.C.G.S. § 97-90(c), noting that subsection (c) was added in response to the decision in *Brice v. Robertson House Moving, Wrecking & Salvage Co.*, 249 N.C. 74, 105 S.E.2d 439 (1958), in order "to rectify the specific problem of the trial court not having jurisdiction over attorneys' fees in [ ] workers' compensation cases." *Saunders*, 249 N.C. App. at 371, 791 S.E.2d at 475 (quoting *Palmer v. Jackson*, 157 N.C. App. 625, 632, 579 S.E.2d 901, 906 (2003), *disc. rev. improvidently allowed*, 358 N.C. 373, 595 S.E.2d 145 (2004)). The court determined that "the statute solely applies to an appellate reasonableness review of a fee award on a contract between the claimant-employee and his attorney previously reviewed by the Full Commission, and not a *de novo* hearing." *Id.* at 371, 791 S.E.2d at 474. According to the Court of Appeals, subsection (c)'s "narrow scope" authorizes the superior court "to consider the factors set forth in the statute in reviewing the Commission's determination of the 'reasonableness' of a fee agreement" but does not authorize the superior court "to look beyond the evidence presented before the Commission or to take new evidence." *Id.* at 374, 791 S.E.2d at 476 (citing *Blevins v. Steel Dynamics, Inc.*, 202 N.C. App. 584, 691 S.E.2d 133, 2010 WL 521029 (2010) (unpublished)).

The Court of Appeals determined that the superior court here, in contravention of this statutory authority,

considered evidence, the purported "fee agreement" between Plaintiff's attorney and Mr. Holappa, which was not considered before the Industrial Commission. Plaintiff's counsel took the indemnity and disability fee contract between Plaintiff and Mr. Teich, added an affidavit, which had never been considered by or ruled upon by the Industrial Commission, and argued for the first time before the superior court that these documents "created" an implied third party contract between Plaintiff's counsel and Mr. Holappa.

Plaintiff's counsel did not petition the superior court for appellate review of the "reasonableness" of the Industrial Commission's decision related to the "agreement for fee or compensation" between Plaintiff and his attorneys referenced in the Full Commission's Opinion and Award, but instead presented a theory and a purported "fee contract," which was never presented to or reviewed by the Industrial Commission. *See* N.C. Gen. Stat. § 97-90(c).

*Id.* at 373-74, 791 S.E.2d at 476. Accordingly, the Court of Appeals concluded that the superior court had "acted beyond the scope of its statutory and limited appellate review of the reasonableness of the Commission's fee award by taking and considering new evidence, which was not presented to the Commission." *Id.* at 375, 791 S.E.2d at 477. The court also questioned whether, given that the enactment of subsection (c) predated the establishment of the Court of Appeals, to which appeals from the Commission under the Act typically lie, "the reasonableness review by the superior court under subsection (c) may have become an obsolete relic." *Id.* at 375, 791 S.E.2d at 477. Nonetheless, the court "refer[red] this issue to the General Assembly and request[ed] its review of . . . the continuing need for this limited

appellate review by the superior court of the reasonableness of the Commission's attorney's fee awards." *Id.* at 376, 791 S.E.2d at 477.

The Court of Appeals further determined that the superior court "ruled far beyond an appellate review of the 'reasonableness' of the attorney's fee" in that "[t]he superior court purported to adjudicate a question of workers' compensation law, *i.e.*, whether the Commission may order an attorney's fee to be paid from the award of medical compensation." *Id.* at 374, 791 S.E.2d at 476. According to the Court of Appeals:

> This determination is outside the scope [of] the superior court's appellate jurisdiction under N.C. Gen. Stat. § 97-90(c), and rests within the statutes governing the Industrial Commission, subject to appeal to this Court. N.C. Gen. Stat. § 97-91 (2015). Our Court has determined "medical compensation is solely in the realm of the Industrial Commission, and § 97-90(c) gives no authority to the superior court to adjust such an award under the guise of attorneys' fees. Doing so constitutes an improper invasion of the province of the Industrial Commission, and constitutes an abuse of discretion."

*Id.* at 374, 791 S.E.2d at 476-77 (quoting *Palmer*, 157 N.C. App. at 635, 579 S.E.2d at 908 (citation omitted)). The court concluded that because the superior court "was without jurisdiction under N.C. Gen. Stat. § 90-97(c) to re-weigh the Commission's factual determinations under these facts, or to award, *de novo*, attorney's fees from attendant care medical compensation to be paid to a third party medical provider," the superior court's order "is a nullity and is vacated." *Id.* at 376, 791 S.E.2d at 477.

Accordingly, the court remanded the case to the superior court for further remand to the Commission. *Id.* at 376, 791 S.E.2d at 477-78.

On 25 October 2016, plaintiff filed a petition seeking discretionary review of the following issues:

> I.     Whether the Court of Appeals' opinion in *Saunders* is inconsistent with the Supreme Court's previous decisions in *Schofield* and *Virmani*.
>
> II.    Whether the Court of Appeals' opinion in *Saunders* is inconsistent with its own prior decisions, including *Kanipe*, *Boylan II*, *Koenig*, *Davis*, *Boylan I*, *Creel*, and *Priddy*.
>
> III.   Whether the Court of Appeals' opinion in *Saunders* is consistent with N.C. Gen. Stat. § 97-90(c) and case law construing the statute.

On 1 November 2017, this Court entered a special order granting discretionary review solely of Issue III.

Analysis

We conclude that the decision of the Court of Appeals is not consistent with N.C.G.S. § 97-90(c) and therefore, reverse the Court of Appeals. The issue we agreed to hear on discretionary review is one of statutory interpretation, meaning it is a "question[ ] of law and [ ] reviewed de novo." *In re D.S.*, 364 N.C. 184, 187, 694 S.E.2d 758, 760 (2010) (citing *Brown v. Flowe*, 349 N.C. 520, 523, 507 S.E.2d 894, 896 (1998)); *see also Irving v. Charlotte-Mecklenburg Bd. of Educ.*, 368 N.C. 609, 611, 781 S.E.2d 282, 284 (2016) ("When considering a case on discretionary review from the Court of Appeals, we review the decision for errors of law." (citing N.C. R. App. P. 16(a))). "We

have held in decision after decision that our Workmen's Compensation Act should be liberally construed to effectuate its purpose to provide compensation for injured employees or their dependants, and its benefits should not be denied by a technical, narrow, and strict construction." *Hollman v. City of Raleigh*, 273 N.C. 240, 252, 159 S.E.2d 874, 882 (1968) (citing 3 Strong's North Carolina Index: *Master and Servant* § 45 (1960)); *see also Deese v. Se. Lawn & Tree Expert Co.*, 306 N.C. 275, 278, 293 S.E.2d 140, 143 (1982) ("[I]n all cases of doubt, the intent of the legislature regarding the operation or application of a particular provision is to be discerned from a consideration of the Act as a whole—its language, purposes and spirit.").

Attorney's fees are regulated under the Act by N.C.G.S. § 97-90, which states that "[f]ees for attorneys . . . shall be subject to the approval of the Commission." N.C.G.S. § 97-90(a) (2017). In addition, the Act mandates that any attorney who accepts a fee not approved by the Commission or the superior court is guilty of a Class 1 misdemeanor. *Id.* § 97-90(b) (2017). The superior court's role in approving attorney's fees is defined in subsection (c), which provides:

> If an attorney has an agreement for fee or compensation under this Article, he shall file a copy or memorandum thereof with the hearing officer or Commission prior to the conclusion of the hearing. If the agreement is not considered unreasonable, the hearing officer or Commission shall approve it at the time of rendering decision. If the agreement is found to be unreasonable by the hearing officer or Commission, the reasons therefor shall be given and what is considered to be reasonable fee allowed. If within five days after receipt of notice of such fee allowance, the attorney shall file notice

of appeal to the full Commission, the full Commission shall hear the matter and determine whether or not the attorney's agreement as to a fee or the fee allowed is unreasonable. If the full Commission is of the opinion that such agreement or fee allowance is unreasonable and so finds, then the attorney may, by filing written notice of appeal within 10 days after receipt of such action by the full Commission, appeal to the senior resident judge of the superior court in the county in which the cause of action arose or in which the claimant resides; and *upon such appeal said judge shall consider the matter and determine in his discretion the reasonableness of said agreement or fix the fee and direct an order to the Commission* following his determination therein. The Commission shall, within 20 days after receipt of notice of appeal from its action concerning said agreement or allowance, transmit its findings and reasons as to its action concerning such agreement or allowance to the judge of the superior court designated in the notice of appeal. In all other cases where there is no agreement for fee or compensation, the attorney or claimant may, by filing written notice of appeal within five days after receipt of notice of action of the full Commission with respect to attorneys' fees, appeal to the senior resident judge of the superior court of the district of the county in which the cause arose or in which the claimant resides; and *upon such appeal said judge shall consider the matter of such fee and determine in his discretion the attorneys' fees to be allowed in the cause.* The Commission shall, within 20 days after notice of appeal has been filed, transmit its findings and reasons as to its action concerning such fee or compensation to the judge of the superior court designated in the notice of appeal; provided that the Commission shall in no event have any jurisdiction over any attorneys' fees in any third-party action. In any case in which an attorney appeals to the superior court on the question of attorneys' fees, the appealing attorney shall notify the Commission and the employee of any and all proceedings before the superior court on the appeal, and either or both may appear and be represented at such proceedings.

The Commission, in determining an allowance of attorneys' fees, shall examine the record to determine the services rendered. The factors which may be considered by the Commission in allowing a reasonable fee include, but are not limited to, the time invested, the amount involved, the results achieved, whether the fee is fixed or contingent, the customary fee for similar services, the experience and skill level of the attorney, and the nature of the attorney's services.

In making the allowance of attorneys' fees, the Commission shall, upon its own motion or that of an interested party, set forth findings sufficient to support the amount approved.

The Commission may deny or reduce an attorney's fees upon proof of solicitation of employment in violation of the Rules of Professional Conduct of the North Carolina State Bar.

*Id.* § 97-90(c) (2017) (emphases added).

Subsection (c) contains no language that limits the superior court solely to "the [same] factors set forth in the statute" that are to be considered by the Commission or that prohibits the superior court from "look[ing] beyond the evidence presented before the Commission or [ ] tak[ing] new evidence." *Saunders*, 249 N.C. App. at 374, 791 S.E.2d at 476. On the contrary, the statute vests the superior court judge with the authority to "consider the matter and determine *in his discretion* the reasonableness of said agreement or fix the fee" when there is an agreement, and "[i]n all other cases where there is no agreement for fee or compensation . . . [to] consider the matter of such fee and *determine in his discretion* the attorneys' fees to be allowed in the cause." N.C.G.S. § 97-90(c) (emphases added). We find that the plain language

of the statute—committing the matter of attorney's fees to the superior court judge to "consider the matter" of a fee and "determine [it] in his discretion"—sets forth a broad, de novo fact-finding role to be played by the superior court. *See, e.g., White v. White*, 312 N.C. 770, 777-78, 324 S.E.2d 829, 833 (1985) (explaining that "[i]t is well established that where matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion," and "[a] ruling committed to a trial court's discretion is to be accorded great deference" and discussing how "[t]he findings of fact show that the trial court *admitted and considered evidence* relating to several of the twelve factors contained in" the statute at issue (emphasis added) (citations omitted)); *see also Little v. Penn Ventilator Co.*, 317 N.C. 206, 218, 345 S.E.2d 204, 212 (1986) ("The abuse of discretion standard of review is applied to those decisions which necessarily require the exercise of judgment. . . . [T]he reviewing court sits only to insure that the decision could, *in light of the factual context in which it is made*, be the product of reason." (emphasis added)). Accordingly, we conclude that the Court of Appeals erred by reading strict limits into the statutory review to be conducted by the superior court. Instead, we hold that, in accord with the authority given in N.C.G.S. § 97-90(c) to "consider the matter" of attorney's fees and "in his discretion" fix the attorney's fees to be allowed, the superior court judge may take and consider additional evidence not presented to the Commission in order to properly consider the matter and exercise the court's discretion.

Here, the Commission found that "[t]he only fee agreement of record at the Industrial Commission is the one entered into between [Teich's firm] and plaintiff" and concluded that "[t]here is no evidence of a fee agreement between plaintiff's counsel and any of plaintiff's medical providers, including Mr. Holappa." The superior court, under its authority to "consider the matter" of attorney's fees and "in [its] discretion" fix the attorney's fees to be allowed, considered the evidence, including an affidavit from Mr. Holappa, and determined that there actually was such an agreement. In fact, the very same agreement between plaintiff's counsel and plaintiff that was before the Commission was the one submitted to the superior court for review; Mr. Holappa's affidavit made clear that he was also a party to that agreement. The superior court thereupon found the following facts:

> 7.     With the knowledge and approval of Plaintiff and Mr. Holappa, attorney Mark T. Sumwalt and his firm The Sumwalt Law Firm were subsequently associated to assist in litigating the attendant care issues that had arisen in Plaintiff's claim as a result of Defendants' refusal to voluntarily provide the recommended attendant care to Plaintiff and compensate Mr. Holappa for the attendant care services he provided to Plaintiff.

> 8.     Mr. Holappa, through Plaintiff's counsel, submitted an affidavit to this Court in which he stated that he consented and agreed to Plaintiff's counsel's pursuit of such recovery on his behalf *with the understanding and desire that any recovery made on his behalf through Plaintiff's workers' compensation claim would be subject to the 25% fee previously agreed to in the retainer agreement.*

> 9.     Mr. Sumwalt was associated in approximately June 2012, and litigation commenced with

the clear understanding of all parties involved that any compensation recovered on behalf of Mr. Holappa for providing attendant care services to Plaintiff would be subject to the previously agreed upon amount of 25% of any benefits ordered by the Industrial Commission, *in accordance with the parties' retainer agreement contract.*

. . . .

13.     Plaintiff's counsel did not request fees from the home modifications, equipment needs, prescription medications, or compensation for psychological treatment that Plaintiff's counsel obtained on Plaintiff's behalf through litigation, despite the significant monetary value of these awards. Plaintiff's counsel requested an attorneys' fee only from the attendant care compensation obtained for Mr. Holappa *in accordance with the retainer agreement.*

(Emphases added.)  The court then concluded:

1.     . . . Plaintiff's counsel participated in complex litigation, including the defense of the case on appeal before the Full Commission, predominantly on the issue of attendant care and *with a contingency fee agreement with Plaintiff and Mr. Holappa in place.*

. . . .

5.     This Court therefore concludes that *Plaintiff's counsel's fee agreement of [ ] "25% of any recovery as Ordered by the North Carolina Industrial Commission" is reasonable.*

. . . .

7.     This Court . . . . [finds that the facts in *Palmer*] are not the facts of the instant case. Plaintiff's counsel had the consent of and a fee agreement with both Plaintiff and Mr. Holappa.

(Emphases added.) (Citation omitted.) Having determined that Mr. Holappa was a party to the agreement between plaintiff and his counsel providing for attorney's fees of "25% of any recovery," the superior court considered all the factors listed in subsection (c) and "in its discretion, determine[d] that a reasonable attorney's fee . . . is 25% and shall therefore be allowed."

We note first that "[a] mere recital in an order that it is entered in the exercise of the court's discretion does not necessarily make the subject of the order a discretionary matter" and "[r]ulings of the court on matters of law are as a rule not discretionary." *Hollingsworth GMC Trucks, Inc. v. Smith*, 249 N.C. 764, 767, 107 S.E.2d 746, 749 (1959) (first citing *Poovey v. City of Hickory*, 210 N.C. 630, 631, 188 S.E. 78, 79 (1936); then citing 2 Thomas Johnston Wilson, II & Jane Myers Wilson, *McIntosh North Carolina Practice and Procedure* (2d ed. 1956), § 1782(4) at 209). Here, the Court of Appeals determined that the superior court exceeded its discretionary authority under subsection (c) not only by taking additional evidence, but also by "purport[ing] to adjudicate a question of workers' compensation law, *i.e.*, whether the Commission may order an attorney's fee to be paid from the award of medical compensation." *Saunders*, 249 N.C. App. at 374, 791 S.E.2d at 476. According to the Court of Appeals, "medical compensation is solely in the realm of the Industrial Commission, and § 97-90(c) gives no authority to the superior court to adjust such an award under the guise of attorneys' fees." *Id.* at 374, 791 S.E.2d at

476 (quoting *Palmer*, 157 N.C. App. at 635, 579 S.E.2d at 908).[2] We disagree and conclude that the superior court below acted exactly within the authority and discretion provided to it by the plain language of N.C.G.S. § 97-90(c).

Moreover, contrary to the suggestion of the Court of Appeals, we do not consider N.C.G.S. § 97-90(c) to be an "obsolete relic." *Id.* at 375, 791 S.E.2d at 477. In noting that subsection (c) was added in response to the *Brice* decision and "prior to the establishment of the Court of Appeals in 1967 and the establishment of [the Court of Appeals'] comprehensive jurisdiction to review direct appeals from the Industrial Commission," *id.* at 371, 791 S.E.2d at 475; *see also* Act of June 2, 1967, ch. 669, sec. 1, 1967 N.C. Sess. Laws 755, 755 (vesting appeals from Commission decisions for errors of law in the Court of Appeals), the Court of Appeals suggested that subsection (c)'s review of attorney's fees was lodged in the superior court merely because the Court of Appeals was not yet in existence when subsection (c) was enacted. In that respect, we note that the legislature, following the creation of the Court of Appeals, more than once has amended subsection (c) without removing the superior court's discretion to review attorney's fees. The Workers' Compensation Reform Act of 1994, ch. 679, sec. 9.1, 1993 N.C. Sess. Laws (Reg. Sess. 1994) 394, 417-18; *see also* Act of July 11, 2013, ch. 278, sec. 1, 2013 N.C. Sess. Laws 755, 755-56 (authorizing the

---

[2] This contention based on *Palmer* is misplaced, however, as neither the superior court nor the Commission purported to adjudicate the question of law that was at issue in *Palmer*. *See Palmer*, 157 N.C. App. at 627-28, 579 S.E.2d at 903-04. We express no opinion on the decision of the Court of Appeals in *Palmer*, which is not binding on this Court.

Commission to hear disputes between an employee's previous and current attorneys regarding the division of a fee and providing that "[a]n attorney who is a party to an action under this subsection shall have the same rights of appeal as outlined in subsection (c) of this section"). The superior court's comprehensive factual review of an attorney's fee as contemplated by N.C.G.S. § 97-90(c) is quite unlike the kind of analysis conducted by the Court of Appeals, which typically reviews for errors of law. *See* N.C.G.S. § 97-86 (2017) ("[A]ppeal from the decision of [the] Commission to the Court of Appeals [is] *for errors of law* under the same terms and conditions as govern appeals from the superior court to the Court of Appeals in ordinary civil actions." (emphasis added)); *see also id.* § 7A-26 (2017) (providing that the Court of Appeals has "jurisdiction to review upon appeal decisions of the several courts of the General Court of Justice and of administrative agencies, *upon matters of law or legal inference*" (emphasis added)).

Indeed, the appellate jurisdiction now possessed by the Court of Appeals was the same as that possessed by the superior court before the enactment of subsection (c), as explained in *Brice*:

> When the appeal comes on for hearing[,] it is heard by the presiding [superior court] judge who sits as an appellate court. His function is to review alleged errors of law made by the Industrial Commission, as disclosed by the record and as presented to him by exceptions duly entered. Necessarily, the scope of review is limited to the record as certified by the Commission and to the questions of law therein presented.

> . . . 'In passing upon an appeal from an award of the Industrial Commission in a proceeding coming within the purview of the act, the Superior Court is limited in its inquiry to these two questions of law: (1) Whether or not there was any competent evidence before the commission to support its findings of fact; and (2) whether or not the findings of fact of the commission justify its legal conclusions and decision. *The Superior Court cannot consider the evidence in the proceeding in any event for the purpose of finding the facts for itself.*

*Brice*, 249 N.C. at 82, 105 S.E.2d at 445 (emphasis added) (citations omitted) (first quoting *Penland v. Bird Coal Co.*, 246 N.C. 26, 33, 97 S.E.2d 432, 438 (1957); then quoting *Thomason v. Red Bird Cab Co.*, 235 N.C. 602, 605, 70 S.E.2d 706, 708 (1952)). We conclude that subsection (c)—enacted "in response to the *Brice* decision," *Saunders*, 249 N.C. App. at 371, 791 S.E.2d at 475—is separate from the appellate review for errors of law that was formerly vested in the superior court and is now vested in the Court of Appeals; instead, a review under subsection 97-90(c) is a unique, fact-based avenue of review covering a limited subject matter[3] that the legislature has chosen to vest in the superior court.

---

[3] Notably, the matter of attorney's fees is not the only area under the Act that the legislature has committed to the discretion of the superior court. In 1983, after the creation of the Court of Appeals, the legislature added N.C.G.S. § 97-10.2(j), providing that when an employee obtains a judgment pursuant to a settlement from a third-party tortfeasor, the employee or the employer (or the employer's insurance carrier) may apply to the superior court to have the presiding judge determine the amount of the employer's lien. Act of June 30, 1983, ch. 645, sec. 1, 1983 N.C. Sess. Laws 604, 604; *see* Act of June 26, 1991, ch. 408, sec. 1, 1991 N.C. Sess. Laws 768, 772 (amending subsection (j) to provide that "with or without the consent of the employer, the [superior court] judge shall determine, *in his discretion*, the amount, if any, of the employer's lien" (emphasis added)); *see, e.g.*, *Easter-Rozzelle v. City of Charlotte*, 370 N.C. 286, 300, 807 S.E.2d 122, 131 (2017) (concluding that the plaintiff did not waive his right to compensation under the Act by settling with a third-party tortfeasor and

Conclusion

In sum, we hold that the decision of the Court of Appeals here is inconsistent with N.C.G.S. § 97-90(c) and that the superior court had jurisdiction to take and consider additional evidence not previously considered by the Commission. We further conclude that the superior court based its determination on factual findings and an exercise of discretion, as specifically authorized in N.C.G.S. § 97-90(c). Accordingly, we reverse the decision of the Court of Appeals and remand this case to that court for remand to the superior court for further remand to the Commission for entry of an order setting attorney's fees as determined by the superior court, and for additional proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

Justice EARLS did not participate in the consideration or decision of this case.

---

receiving settlement proceeds and that "either party here may apply to the superior court judge to determine the amount of defendant's lien").